**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted August 11, 2005
Decided September 30, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1477

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | |
| REYLANDER HUGHLEY, *Defendant-Appellant*. | No. 03 CR 30 |
| | Richard L. Young, *Judge*. |

**O R D E R**

Reylander Hughley pleaded guilty to possession with intent to distribute more than 5 grams of cocaine base, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 188 months' imprisonment.  Hughley filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's supporting brief is facially adequate, so we confine our review to the potential issues counsel identifies, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), and those proposed in Hughley's response filed pursuant to Circuit Rule 51(b).

Hughley sold crack to an informant three times in as many weeks. The informant then arranged a fourth transaction, and when Hughley showed up with 34 grams of crack, he was arrested. This attempted sale underlies Hughley's conviction, and as part of a plea agreement, the government dismissed four other counts against him. The plea agreement includes a stipulation that Hughley qualifies as a career offender, U.S.S.G. § 4B1.1, as well as a waiver of his right to appeal his conviction or sentence so long as his sentence falls within the resulting guidelines range. At sentencing, which occurred after the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005), the district court concluded that Hughley is a career offender because of his five prior Indiana convictions for "dealing" drugs. *See* IND. CODE § 11-12-3.7-3. Hughley's career offender status resulted in a guidelines range of 188 to 235 months' incarceration, and the district court imposed a sentence at the bottom of that range.

Counsel and Hughley propose to argue that the district court violated the Sixth Amendment by "finding" that Hughley's convictions for dealing drugs are "controlled substance offenses" that trigger the career offender guideline. The proposed argument is frivolous, among other reasons, because of the waiver of appeal in Hughley's plea agreement. Nothing in that agreement provides an "escape hatch" allowing Hughley to avail himself of later changes in the law, and as we held after counsel submitted his *Anders* brief, *Booker* does not invalidate the parties' bargain. *See, e.g., United States v. Bownes*, 405 F.3d 634, 636–37 (7th Cir. 2005); *United States v. Roche,* 415 F.3d 614, 617 (7th Cir. 2005); *United States v. Lockwood*, 416 F.3d 604, 607 (7th Cir. 2005). Hughley's appeal waiver also renders frivolous counsel's related suggestion that Hughley might argue that his 188-month sentence is unreasonable. *See Booker*, 125 S.Ct. at 765.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.