NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2007
Decided August 16, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1018

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | No. 3:06-cr-80-RLM |
| RONALD BARKER, *Defendant-Appellant.* | Robert L. Miller, Jr., *Chief Judge.* |

**O R D E R**

Ronald Barker and his wife had been growing marijuana on their property in LaPorte, Indiana, for more than a decade when local police discovered their operation in June 2006 and executed a search warrant. In addition to finding 37 kilograms of marijuana, police recovered 37 firearms, including a World War II-era Sten machinegun that an ATF agent had to lubricate with oil in order to test fire. A jury found Barker guilty of conspiracy to manufacture and possess marijuana, 21 U.S.C. §§ 846, 841(a)(1); possession of marijuana with intent to distribute, *id.* § 841(a)(1); possession of firearms (including the machinegun) in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1); possession of firearms as an unlawful user of a controlled substance, *id.* § 922(g)(3); and maintaining a residence for the purpose of manufacturing a controlled substance, 21 U.S.C. 856(a)(1). The district

court sentenced Barker to a total of 420 months' imprisonment; the conspiracy and marijuana-possession counts carried statutory minimum sentences of 60 months, *see* 21 U.S.C. § 841(b)(1)(B)(vii), and the § 924(c) count, because of the machinegun, carried a consecutive statutory minimum of 360 months, 18 U.S.C. § 924(c)(1)(A), (B)(ii).

Barker filed a timely notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Barker has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Our review of the record is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel identifies only one potential issue: whether Barker might argue that the district court erred in determining his sentence on the 924(c) count because the Sten machinegun was unable to be fired in the condition in which police found it, and therefore should not have been considered a machinegun for purposes of § 924(c)(1)(B). The term "machinegun" is defined in 18 U.S.C. § 921(23), which in turn incorporates the definition in 26 U.S.C. § 5845(b): "any weapon that shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." Here, the ATF agent easily restored Barker's Sten machinegun to shoot simply by applying some oil. As the district court aptly observed, "a machine gun that needs lubrication to function as it was designed to function is no less a machinegun than a squeaky hinge is anything other than a hinge." Indeed, even an inoperable machinegun is still a "machinegun" for purposes of § 924(c)(1). *See United States v. Pena-Lora*, 225 F.3d 17, 31, 32 (1st Cir. 2000) (affirming defendant's conviction and sentence under § 924(c) where machinegun was damaged or clogged and could not fire without repair); *United States v. Moore*, 919 F.2d 1471, 1475-76 (10th Cir. 1990) (rejecting argument that defendant could not be convicted under § 924(c) because his Sten machinegun was inoperable); *see also United States v. Castillo*, 406 F.3d 806, 817 n.3 (7th Cir. 2005) ("There is no prerequisite that the gun be operable to be a "firearm" under 18 U.S.C. § 924(c)."); *United States v. Alanis,* 265 F.3d 576, 591 (7th Cir. 2001) (holding that even inoperable gun qualifies as a firearm for purposes of 18 U.S.C. § 922(g)); *United States v. Buggs*, 904 F.2d 1070, 1075 (7th Cir. 1990) (same). Thus, we agree with counsel that any argument regarding Barker's sentence under § 924(c) would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.