NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 15, 2007[*]
Decided October 25, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3031

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      *Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division |
| *v.* | No. 00 CR 274-5 |
| VICTOR NAJERA,<br>      *Defendant-Appellant.* | Matthew F. Kennelly,<br>*Judge.* |

## O R D E R

Victor Najera purchased ten kilograms of cocaine from Juan Mares-Martinez and then hired Arturo Gutierrez to deliver the drugs to a customer.  With the aid of a wiretap on Mares-Martinez's phone, special agents from the Drug Enforcement Administration thwarted the effort and seized the cocaine from Gutierrez's car. Najera pleaded guilty to conspiring to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and the district judge sentenced him to 168 months' imprisonment.  We vacated that sentence and ordered resentencing, however, after the district judge explained that he might have imposed a lower sentence had he treated the guidelines as advisory in accordance with *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Najera*, 169 F. App'x 995 (7th Cir. 2006) (unpublished

---

[*] This successive appeal has been assigned to the original panel under Operating Procedure 6(b).

order).  The court then resentenced Najera to 144 months' imprisonment, along with five years' supervised release and a $100 special assessment.  Najera appeals his new sentence, but his court-appointed attorney moves to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Najera has responded to his attorney's motion, *see* Cir. R. 51(b), and counsel's brief is facially adequate, so we confine our review of the record to the two potential issues identified by counsel and Najera.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers whether Najera could argue that his 144-month term of imprisonment, which falls below the advisory guidelines range of 168 to 210 months, is unreasonably high.  At his resentencing, Najera asked for the statutory minimum sentence of 120 months' imprisonment, arguing that the guidelines overstate the gravity of his pretrial flight and his criminal history, and that his steady lawful employment and strong family ties show that he can be a productive and law-abiding member of society.  Counsel notes that the district judge considered these arguments, along with other statutory sentencing factors.  *See* 18 U.S.C. § 3553(a).  The court observed that Najera was involved in criminal conduct that "preys on people who have a very difficult time protecting themselves" and precipitates collateral crime, *see id.* § 3553(a)(1); that he played a "significant" role in the conspiracy, *see id.*; and that he showed disrespect for the law by fleeing the state while on pretrial release, *see id.* § 3553(a)(2)(A).  The district judge reasoned that these factors warranted a 144-month prison term even if, as Najera maintained, the likelihood of recidivism was low, *see id.* § 3553(a)(2)(B),(C).  Given the court's careful weighing of these factors, counsel properly concludes that it would be frivolous to challenge the reasonableness of Najera's below-guidelines sentence.  *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) (noting that "[i]t is hard to conceive of below-range sentences that would be unreasonably high"); *Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Najera, for his part, contends that he could mount a challenge to the sentencing court's reliance on facts that were not proven beyond a reasonable doubt, which he says led the court to sentence him above the statutory minimum of 120 months' imprisonment.  *See* 21 U.S.C. §§ 846, 841(b)(1)(A).  But it would be frivolous to contest his sentence on this ground; in calculating a guidelines range, the sentencing judge is entitled to make findings based on a preponderance of the evidence, provided that he treats the guidelines as advisory—which on this record the judge plainly did.  *See United States v. White*, 472 F.3d 458, 464 (7th Cir. 2006); *United States v. LaShay*, 417 F.3d 715, 719 (7th Cir. 2005); *United States v. Bryant*, 420 F.3d 652, 655-56 (7th Cir. 2005).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.