NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 7, 2008
Decided August 14, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-3546

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-072 |
| RICARDO JENKINS *Defendant-Appellant.* | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Police, acting on a warrant, searched Ricardo Jenkins's house and found nearly 25 grams of crack cocaine, a substance they believed to be marijuana, $1,364, scales, ammunition, and a Beretta pistol. After a two-day trial, a jury found Jenkins guilty of possession with intent to distribute crack, *see* 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1). Jenkins filed a notice of appeal, but his appointed lawyer moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous ground for appeal. Jenkins did not accept our invitation to respond to his lawyers' submission. *See* CIR. R. 51(b). Limiting our review to

the potential issues identified in counsel's supporting brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

In his *Anders* submission, counsel considers a general challenge to the sufficiency of the evidence. *See, e.g.*, *United States v. Mendoza,* 510 F.3d 749, 752 (7th Cir. 2007). We would review such a challenge for plain error because counsel did not move for acquittal on that basis in the district court. *See, e.g.*, *United States v. Groves*, 470 F.3d 311, 324 (7th Cir. 2006). To convict under 21 U.S.C. § 841(a)(1), the government had to prove that Jenkins (1) knowingly possessed crack, (2) intended to distribute it, and (3) knew that it was a controlled substance. *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1106 (7th Cir. 2006). The police found Jenkins home alone with nearly 25 grams of crack, they found evidence that he resided at that address, and they found the scales, gun, ammunition, and currency that are often associated with drug dealing. That was sufficient. To convict under 18 U.S.C. § 922(g)(1), the government had to prove that (1) Jenkins was a felon, (2) he possessed a gun, and (3) the gun previously had traveled in or affected interstate commerce. *United States v. Birk*, 453 F.3d 893, 897 (7th Cir. 2006). Jenkins stipulated to the first element and did not dispute evidence proving the third. As to the second element, the same evidence tying Jenkins to the drugs in the house were sufficient to tie him to the gun. Thus, a sufficiency challenge to conviction on either count would be frivolous.

Counsel also addresses the district court's decision, after an objection, to qualify Detective Keith Dodd, one of the officers who searched Jenkins's house, as an expert witness. After being qualified as an expert, Dodd volunteered several ways to distinguish between drug users and drug dealers: (1) firearms and cell phones are often used by drug dealers, (2) crack users are unlikely to hold onto crack any longer than it takes to use the drug, (3) crack users are unlikely to have large quantities, such as 25 grams, of the drug, (4) drug users do not own multiple scales, (5) drug dealers normally keep scales near their drugs, and (6) drug dealers often have large amounts of currency. Finally, Dodd testified that based on his training and experience, it was his opinion that the crack found at Dodd's home was being possessed for the purpose of selling it.

There are two potential problems with Dodd's testimony. First, "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." FED. R. EVID. 704(b); *see also United States v. Brumley*, 217 F.3d 905, 912 (7th Cir. 2000). But Dodd never purported to have any special insights into Jenkins's mental state; he spoke only in general, not specific, terms regarding what someone who possessed 25 grams of crack along with cell phones, guns, and scales was likely to do with the crack. Thus, his

testimony did not violate Rule 704(b). *See United States v. Love*, 336 F.3d 643, 647 (7th Cir. 2003); *Brumley*, 217 F.3d at 912.

Second, in *United States v. Moore*, 521 F.3d 681, 684 (7th Cir. 2008), we cautioned against admitting "expert" testimony similar to Dodd's without discussion of whether it satisfies the three conditions listed in Federal Rule of Evidence 702, that is, "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." As in *Moore*, the district court here addressed none of these questions, *see Moore*, 521 F.3d at 683, and instead concluded only that Dodd had the necessary experience to qualify as an expert. Still, as in *Moore*, Jenkins did not object on the grounds that the three conditions of Rule 702 were not satisfied. *Id.* at 685. He argued only that Dodd was not experienced enough to be qualified as an expert because he had never before given expert testimony and because his last formal training on drug trafficking had been more than two years earlier. Because "the right questions were not asked, we cannot know whether [Dodd] should have been allowed to testify," *id.*, and, therefore, the argument would be frivolous.

Counsel also considers whether Jenkins could argue that the district court erred in admitting .25 and .45 caliber ammunition found in the search since Jenkins was charged only with possessing a .40 caliber firearm. When Jenkins objected, the district court held that the ammunition could be admitted because firearms and, relatedly, ammunition, are a "tool of the trade" for drug dealing. We routinely uphold evidentiary rulings based on a tool-of-the-trade theory, *see, e.g.*, *United States v. Price*, 418 F.3d 771, 779 (7th Cir. 2005), and would do so again here. But even absent the drug charge, evidence that a defendant possessed ammunition is surely relevant to proving that he possessed a gun, even when that ammunition could not be used in the gun charged in the indictment. Thus, counsel is correct that an argument challenging the ammunition evidence would be frivolous.

Counsel's final two potential issues are easily dealt with. In her closing argument, the prosecutor said the following:

> So I need to premise my final remarks to you with a few reminders. As the Court has told you, Mr. Jenkins has an absolute right to remain silent. There is absolutely no obligation on his behalf to present any evidence to you, or to demonstrate why he's not guilty of the crimes that he's been charged with, or present any evidence whatsoever. But that being said, you have heard the theory of defense. You have heard from a defense witness in this case, and that has been presented to you, and it is your obligation to determine if it

> makes sense.  It's your obligation to consider whether the rest of the evidence and theory of defense fits.

Jenkins objected, but the district court refused to declare a mistrial.  A prosecutor may not suggest that a defendant's failure to testify is evidence of his guilt, *see United States v. Willis*, 523 F.3d 762, 773 (7th Cir. 2008), but no rule prevents a prosecutor from mentioning the right while summarizing the evidence presented by the defendant, *see United State v. Stark*, 507 F.3d 512, 519 (7th Cir. 2007) ("Prosecutors are allowed to comment on the weakness of the defendant's case in closing arguments.").  Because all the prosecutor did here was summarize defendant's case, any argument based on her comments would be frivolous.  Finally, a challenge to the underlying search warrant would also be frivolous because Jenkins failed to raise a suppression claim in the district court.  We excuse such failures in those very rare cases where a defendant can show good cause for the failure, *see* FED. R. CRIM. P. 12(e); *United States v. Johnson*, 415 F.3d 728, 730-31 (7th Cir. 2005), but because this is not such a case, the argument would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.