NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008
Decided December 5, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1467

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> ROBERTO C. RODRIGUEZ, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 06 CR 889-2 <br><br> Joan B. Gottschall, <br> *Judge*. |

**O R D E R**

A jury found that Roberto Rodriguez participated in a conspiracy involving at least 500 grams of cocaine and also distributed a small amount of the drug. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced Rodriguez to concurrent 60-month terms of imprisonment, the statutory minimum for the conspiracy count. Rodriguez filed a notice of appeal, but his appointed lawyers seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot discern a nonfrivolous basis for appeal. Rodriguez has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first question whether Rodriguez could argue that the government's evidence was insufficient for a jury to convict him or to find that the conspiracy involved at least 500 grams of cocaine. Rodriguez, though, forfeited any challenge to the sufficiency of the evidence underlying his convictions because he did not move for a judgment of acquittal at the close of evidence or within seven days after the jury's verdicts. *See* FED. R. CRIM. P. 29; *United States v. Brandt*, No. 08-1215, 2008 WL 4693517, at *3 (7th Cir. Oct. 27, 2008). Thus, we would reverse only if Rodriguez could show a "miscarriage of justice." He could not.

Rodriguez's codefendant, Carolos Calderon, testified for the government that he paid to use Rodriguez's apartment as a base for his cocaine business. He sold drugs out of the apartment, and on four or five occasions spanning almost two years he stored and repackaged half-kilogram quantities of powder cocaine in the apartment. Calderon also testified that he occasionally sent Rodriguez to deliver drugs or collect money and said that he rewarded him with a car, jewelry, and alcohol. Another witness, Louis Gallegos, testified that he purchased cocaine from Rodriguez on multiple occasions. An audio recording of one of these transactions was entered into evidence. Although Rodriguez and his girlfriend testified that Rodriguez took no part in the drug transactions and received no payment from Calderon, the jury was not required to credit this testimony. *See*, *e.g.*, *United States v. Rollins*, 544 F.3d 820, 835 (7th Cir. 2008). There was ample evidence to convict, and we thus agree with counsel that a challenge to the jury's verdicts would be frivolous.

Counsel next address whether Rodriguez could challenge the district court's rejection of his claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). The government exercised peremptory strikes against two of the three black members of the venire. Rodriguez's trial counsel raised a *Batson* objection to the second of these strikes and objected again when the government used another peremptory challenge against a prospective Latina juror. The prosecutor argued that defense counsel had not made a prima-facie showing that the exclusions were race-based, but went on to offer race-neutral reasons for the strikes. The prosecutor said the prospective black juror's inconsistent and repetitive answers during voir dire suggested he would have difficulty paying attention. The prosecutor added that he exercised a strike against the prospective Latina juror because her nephew told her he was "set up" when he was recently convicted of a cocaine offense.

We would review for clear error the district court's resolution of the *Batson* challenge. *See United States v. Hendrix*, 509 F.3d 362, 370 (7th Cir. 2007). When a district court has found that the prosecutor's basis for striking a prospective juror was not race-based, we will uphold that decision unless the prosecutor's explanation is "completely

outlandish or there is other evidence which demonstrates its falsity." *United States v. Stafford*, 136 F.3d 1109, 1114 (7th Cir. 1998).  The district court credited the prosecutor's reasons for exercising these two strikes, and the record reveals no basis to question that determination.  Thus, we agree with counsel that a *Batson* challenge would be frivolous.

Counsel then examine whether Rodriguez might challenge the admission at trial of testimony about his purported gang membership.  The district court had denied without prejudice the government's pretrial request to introduce evidence that Rodriguez is a member of a gang; the court explained that the submission was "too vague" even to "tell what the government wished to offer."  During his testimony on direct examination, however,  Gallegos nonetheless alluded to Rodriguez's alleged gang affiliation.  Gallegos testified that he met Rodriguez "through other Latin King members," and when Gallegos was asked to identify those present at a particular drug transaction, he responded, "Spy, Pepas, and some other Latin King members."  (Pepas is Rodriguez's nickname; codefendant Calderon was known as "Spy.")  Counsel raise the concern that jurors might have interpreted this testimony to mean that Rodriguez is a member of the Latin Kings.

Rodriguez's trial counsel did not object to this testimony, so we would review only for plain error the district court's failure to strike it or give a limiting instruction *sua sponte*. *See United States v. Cox,* 536 F.3d 723, 728 (7th Cir. 2008); *United States v. Suggs,* 374 F.3d 508, 517-18 (7th Cir. 2004).   We, like appellate counsel, cannot conceive of any plain error.  The district court had denied the government's pretrial motion to disclose Rodriguez's gang affiliation not because that information would be irrelevant or unduly prejudicial, but because the government's explanation for its proffer was to vague to evaluate.  Once the trial was underway, however, the court may well  have concluded after hearing Gallegos's testimony that the evidence was admissible to show the relationship between the conspirators. *See United States v. Westbrook,* 125 F.3d 996, 1007 (7th Cir. 2007).  In any event, we have recently observed that requiring a trial court "without prompting, to comment on facts as they unfold in the course of the proceedings would place the court in the role of an advocate." *Cox,* 536 F.3d at 728.  Moreover, Gallegos's comments amounted to a couple of vague allusions to a gang in the middle of a six-day trial that focused on Rodriguez's role in a cocaine conspiracy.

Finally, counsel conclude, and we agree, that any argument concerning the reasonableness of Rodriguez's overall prison sentence would be frivolous.  Sixty months was the statutory minimum on the conspiracy count, 21 U.S.C. § 841(b)(1)(B), and the district court lacked the authority to give him less. *See Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007) (noting that district courts must abide by congressionally mandated minimum sentences for crack offenses); *United States v. Billings*, 546 F.3d 472, 474 n.1 (7th

Cir. 2008); *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008) ("While the sentencing guidelines may be only advisory for district judges, congressional legislation is not.").

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.