In the
United States Court of Appeals
For the Seventh Circuit

Nos. 00-3748, 00-3795 & 00-3822

United States of America,

Plaintiff-Appellee,

v.

Robert Schuh, Lisa Nolen, and Curtis Lane,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Wisconsin.
Nos. 00-CR-29-S-01, 00-CR-29-S-08 & 00-CR-29-S-04--
John C. Shabaz, Judge.

Argued June 5, 2001/*--Decided May 8, 2002


   Before Posner, Manion, and Rovner, Circuit
Judges.

   Rovner, Circuit Judge.  Jocko's Rocket
Ship, a tavern in Madison, Wisconsin,
secretly operated as a drug house for
over a decade. Its owner, Robert Schuh,
pleaded guilty to maintaining a drug
house, 21 U.S.C. sec. 856(a)(1), and
eight individuals who dealt drugs at
Jocko's pleaded guilty to various other
drug offenses. We consolidated Schuh's
case with appeals filed by two of the
dealers, Lisa Nolen and Curtis Lane.
Schuh challenges an upward adjustment for
being an organizer or leader, and counsel
for both Nolen and Lane move to withdraw
under Anders v. California, 386 U.S. 738
(1967), asking that we dismiss their
respective client's appeal. For the
reasons that follow, we vacate Schuh's
sentence and remand for resentencing
without an adjustment for being an
organizer or leader. We also grant both
motions to withdraw and dismiss the
appeals of Nolen and Lane.

I.  Background

   Schuh knowingly allowed dealers to sell
drugs at Jocko's, but did not supply
drugs to the dealers or regularly deal
himself. Occasionally he sold drugs on
behalf of the dealers, but more often he
steered customers to them. The dealers

controlled the terms of their own sales, essentially acting as independent contractors. Each dealer determined when, how, and what they would sell at Jocko's. They did not share profits or pay Schuh for the use of Jocko's, but often gave him "gratuities" of cocaine for allowing them to sell there. Although Schuh welcomed the cocaine "gratuities" to support his own habit, he never demanded them from the dealers. Sometimes the dealers used the basement to weigh, package, or sell cocaine, but to get access to the basement they needed permission from Schuh (or a bartender if Schuh was unavailable). Schuh required the dealers to be discreet when dealing, i.e., they could not approach customers at Jocko's and had to transact their business in the restrooms, but the bartenders could pass drugs in matchbooks across the bar. Also, Schuh required the dealers to be cautious about newcomers who might be law enforcement agents. Schuh could "banish" a dealer from Jocko's for breaking these informal rules.

After an undercover investigation, Schuh and eight dealers, including Nolen and Lane, were charged with various drug offenses. Schuh pleaded guilty to maintaining a drug house, 21 U.S.C. sec. 856(a)(1), and received a 4-level upward adjustment for being an organizer or leader. The district court concluded that Schuh deserved the adjustment because he accepted cocaine from the dealers who worked at Jocko's, controlled access to the basement, required the dealers to act discreetly and to exercise caution when selling to unknown bar patrons, directed bar customers wanting drugs to the dealers, occasionally sold drugs himself, and banned two dealers when they broke his rules. Furthermore, the court reasoned that Schuh's "failure to benefit to a greater financial extent" did not undermine the adjustment because his willingness to accept an occasional gratuity of cocaine in exchange for the use of Jocko's "could have been readily changed for the asking." Schuh was sentenced to 228 months' incarceration, three years' supervised release, and a $100 special assessment.

Nolen, a bartender at Jocko's for two years, sold cocaine there until she was fired in 1999 because of her pregnancy.

She pleaded guilty to conspiring to manage a drug house, 21 U.S.C. sec.sec. 846, 856(a)(2), and was sentenced to 70 months' incarceration, 3 years' supervised release, and a $100 special assessment. Lane, a regular dealer at Jocko's, pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine, 21 U.S.C. sec.sec. 846, 841(a)(1). Lane later moved to withdraw his plea, claiming that he was pressured into pleading guilty. The district court denied the motion, finding that Lane's reason for moving to withdraw was "incredible" because he contradicted statements made at his plea hearing. The court sentenced him to 135 months' imprisonment, three years' supervised release, and a $100 special assessment.

II.  Discussion

A. Robert Schuh

On appeal Schuh challenges the district court's 4-level upward adjustment for being an organizer or leader. U.S.S.G. sec. 3B1.1. We review for clear error the district court's factual finding that a defendant was an organizer or leader, United States v. Mijangos, 240 F.3d 601, 604 (7th Cir. 2001), and will reverse "only if, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed," United States v. Carrera, 259 F.3d 818, 826 (7th Cir. 2001).

Schuh argues that the district court erred in concluding that his actions merited an adjustment for being an organizer or leader. Section 3B1.1(a) calls for a 4-level upward adjustment "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. sec. 3B1.1(a). To receive the adjustment a defendant must "organize[ ] [or] lead[ ] . . .  one or more other participants" rather than merely "exercis[e] management responsibility over [ ] property." U.S.S.G. sec. 3B1.1, comment. (n.2); see also United States v. Lalley, 257 F.3d 751, 757-58 (8th Cir. 2001); United States v. Fones, 51 F.3d 663, 668 (7th Cir. 1995). Moreover, sec. 3B1.1 adjustments reflect a defendant's relative role in the offense, and "[a]

defendant who had no greater role than any other participant cannot receive a sec. 3B1.1 increase." United States v. Mustread, 42 F.3d 1097, 1103 (7th Cir. 1994). To determine a defendant's relative role as an organizer or leader, a sentencing judge must consider the following factors: (1) exercise of decision-making authority; (2) nature of participation in the commission of the offense; (3) recruitment of accomplices; (4) claimed right to a larger share of the fruits of the crime; (5) degree of participation in planning or organizing the offense; (6) nature and scope of the illegal activity; and (7) degree of control and authority exercised over others. U.S.S.G. sec. 3B1.1, comment. (n.4); United States v. Noble, 246 F.3d 946, 953 (7th Cir. 2001).

In finding that Schuh was an organizer or leader, the district court relied on the following: (1) Schuh received cocaine from the dealers in exchange for the use of Jocko's and could have demanded a greater share of cocaine; (2) Schuh controlled access to the basement where the dealers weighed and packaged the cocaine; (3) Schuh sometimes followed the dealers to the basement, observed their activities, and received his cocaine there; (4) Schuh required the dealers to be discreet when selling and to be aware of new patrons who might be law enforcement agents; (5) Schuh steered customers to the dealers and occasionally sold drugs on behalf of other dealers; and (6) Schuh "banished" two dealers from Jocko's when they broke his rules. But two of these findings are unsupported by the record, and the remaining findings are insufficient to merit the sec. 3B1.1 adjustment. First, the finding that Schuh could have demanded a greater share of cocaine was mere speculation in light of the government's assertion that all of the cooperating dealers admitted that they provided the cocaine only as a gratuity and that Schuh never demanded or even requested that they do so. Second, it is undisputed that Schuh banished Nolen because of her pregnancy, not because she broke his rules, and the government concedes that Schuh banished another dealer, Rick Grafton, because he "took a swing" at a bar patron for reasons unrelated to drugs.

The remaining findings are insufficient

to establish Schuh as an organizer or leader. First, providing access to Jocko's, even to the basement, is insufficient for a sec. 3B1.1 adjustment because it establishes merely that Schuh "exercised management responsibility over [ ] property" rather than "organiz[ing] [or] lead[ing] . . . one or more other participants." See U.S.S.G. sec. 3B1.1, comment. (n.2); Lalley, 257 F.3d at 757-58; Fones, 51 F.3d at 668. Even though Schuh sometimes followed the dealers to the basement to observe them and receive cocaine, there was no evidence that he organized, led, or in any way controlled the dealers in the basement, such as by instructing them to package the cocaine in specific amounts. And although Schuh implemented rules to avoid detection by authorities, he never actually banished anyone for breaking the rules. Moreover, the rules equally benefitted the dealers because they had the same interest in not getting caught. See Mustread, 42 F.3d at 1105 (convincing another to buy pager for defendant did not establish control over another because both benefitted from the pager by enabling them to profit more efficiently). Finally, acting as a "middleman" by directing customers to dealers is insufficient for a sec. 3B1.1 adjustment, United States v. Alred, 144 F.3d 1405, 1422 (11th Cir. 1998); United States v. Magana, 118 F.3d 1173, 1203 (7th Cir. 1997), as is simply distributing drugs in a buyer-seller relationship, Noble, 246 F.3d at 954; Alred, 144 F.3d at 1422.

Even though the grounds given by the district court do not support the sec. 3B1.1(a) adjustment, we may affirm a sentence adjustment on any ground supported by the record. Magana, 118 F.3d at 1203. Our review of the seven role-in-the-offense factors, however, confirms that the facts are inadequate to establish Schuh as an organizer or leader. See U.S.S.G. sec. 3B1.1, comment. (n.4). First, although the scope of the illegal activity was extensive, Schuh had little decision-making authority and played a minor role in planning or organizing the offense. Schuh did not supply the cocaine to the dealers or control who sold it, when they sold it, at what price they sold it, how they acquired it, how much or to whom they sold, what type they sold, or how many dealers could sell at Jocko's at any

given time. Moreover, the dealers were free to sell drugs elsewhere. Schuh's participation in the dealing was limited. He was not a regular dealer, although he occasionally steered customers to the dealers and sometimes sold cocaine for the others. There is no evidence that Schuh recruited accomplices, and, although Schuh received cocaine from the dealers, he never claimed a larger share of the fruits of the crime in relation to the dealers. Therefore, because Schuh played no greater role in the offense than any of the other participants, see Mustread, 42 F.3d at 1103, we vacate Schuh's sentence and remand for resentencing without an adjustment for being an organizer or leader.

## B. Lisa Nolen and Curtis Lane

The attorneys for Nolen and Lane each move to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing that there are no non-frivolous grounds for appeal. We invited Nolen and Lane to respond to their attorney's respective motion, see Cir. R. 51(b), but only Lane replied. Thus, we confine our review of the record to the potential issues raised in each attorney's facially-adequate brief and Lane's Rule 51(b) response. United States v. Tabb, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

### 1. Nolen

Nolen's counsel first considers whether Nolen may argue that her guilty plea was not knowing and voluntary, but concludes that such an argument would be frivolous because the district court complied with Federal Rule of Criminal Procedure 11. Nolen did not move to withdraw her guilty plea, so we would review her Rule 11 plea colloquy only for plain error. See United States v. Vonn, 122 S. Ct. 1043, 1046 (2002). Although we note one Rule 11 omission--the court failed to inform her of the effect of supervised release--it would not constitute plain error because Nolen's 70-month prison term, when combined with her 3-year term of supervised release, is still within the statutory maximum of 20 years' imprisonment for her offense, 21 U.S.C. sec. 856(b), and Nolen knew of that maximum when she entered her plea. See United States v. Elkins, 176 F.3d 1016,

1021-22 (7th Cir. 1999). In all other respects, the district court complied with Rule 11. First, after warning Nolen that she was under oath and that any false statement could be used against her in a prosecution for perjury, the district court questioned her regarding the nature of the charge, the maximum possible penalties, the rights she would waive by pleading guilty, and the applicability of the sentencing guidelines, including the court's authority to depart from those guidelines. Further, Nolen testified that she was not forced to plead guilty and that the government's factual basis for the plea was accurate. Therefore, we agree with counsel that an argument based on the validity of Nolen's plea would be frivolous.

Counsel next considers whether Nolen could challenge the district court's assignment of two criminal history points under U.S.S.G. sec. 4A1.1(c) for her two convictions of operating a vehicle while intoxicated. Counsel is correct that such an argument would be frivolous because convictions for driving while intoxicated are counted when calculating a defendant's criminal history points. U.S.S.G. sec. 4A1.2, comment. (n.5); United States v. LeBlanc, 45 F.3d 192, 195 (7th Cir. 1995). And because an offense-level reduction under U.S.S.G. sec. 2D1.1(b)(6) requires that the defendant have less than two criminal history points, we also agree with counsel that it would be frivolous to argue that the district court erred by refusing such a reduction. See U.S.S.G. sec.sec. 2D1.1(b)(6), 5C1.2.

Finally, counsel considers whether Nolen could challenge the district court's refusal to depart downward from the sentencing guidelines based on an overstatement of her criminal history and her substantial assistance to authorities. See U.S.S.G. sec.sec. 4A1.3, 5K1.1. Counsel is correct that such an argument would be frivolous because we lack jurisdiction to review a district court's discretionary refusal to depart downward when the court understood that it had the authority to depart. See United States v. Atkinson, 259 F.3d 648, 652-53 (7th Cir. 2001). Because the district court considered and rejected Nolen's departure arguments on their

merits, we would lack jurisdiction to review the court's decision. Thus, we grant counsel's motion to withdraw and dismiss Nolen's appeal.

## 2. Lane

Lane's counsel first considers a challenge to the district court's rejection of Lane's motion to withdraw his guilty plea. A district court may allow a defendant to withdraw his guilty plea any time before sentencing if the defendant provides a "fair and just reason." Fed. R. Crim. P. 32(e); United States v. Shaker, 279 F.3d 494, 497 (7th Cir. 2002). We would review the denial of such a motion for an abuse of discretion. United States v. Wallace, 276 F.3d 360, 366 (7th Cir. 2002). At a hearing Lane testified that he was pressured into pleading guilty, thus claiming that his plea was not knowing and voluntary. Because a careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary, determining whether the district court abused its discretion "depends, in large part, on what the defendant said during the Rule 11 colloquy." See United States v. Ellison, 835 F.2d 687, 693 (7th Cir. 1987). Moreover, representations made at a Rule 11 hearing are accorded a "presumption of verity." United States v. Pike, 211 F.3d 385, 389 (7th Cir. 2000).

After being warned at his Rule 11 hearing that he was under oath and that his statements could later be used against him in a prosecution for perjury, Lane testified that no one forced him to plead guilty and that he was doing so of his own free will because he was indeed guilty. He also agreed with the government's detailed factual basis for the plea. A "'district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing.'" United States v. Messino, 55 F.3d 1241, 1248 (7th Cir. 1995) (quoting United States v. Groll, 992 F.2d 755, 758 (7th Cir. 1993)); see also United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999) ("[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements [at a Rule 11 hearing] as conclusive.").

In addition to Lane's statements, the district court's substantial compliance with the remaining requirements of Rule 11 supports the voluntariness of Lane's guilty plea. The court questioned Lane regarding the nature of the charges, the possible penalties, the rights he would waive by pleading guilty, and the applicability of the sentencing guidelines. And even though the court failed to inform Lane of the effect of supervised release and failed to inquire whether Lane's willingness to plead guilty resulted from prior discussions with the government, see Fed. R. Crim. P. 11(c)(1), (d), the omissions are harmless. First, the court's failure to explain the effect of supervised release is harmless because Lane's total sentence, 135 months' imprisonment and three years' supervised release, falls below the default statutory maximum of 20 years' incarceration for cocaine offenses, see 21 U.S.C. sec. 841(b)(1)(C), and Lane knew of the maximum when he entered his plea, see Elkins, 176 F.3d at 1021-22. Second, the district court's failure to inquire whether Lane's willingness to plead guilty resulted from prior discussions with the government is harmless because Lane's "statements to the court suggest that he would have accepted his plea even if he were given the exact 11(d) warning." United States v. Cross, 57 F.3d 588, 592 (7th Cir. 1995). Lane admitted that (1) he discussed the charge and the plea agreement with his counsel; (2) he was not forced to plead guilty; (3) he received no promises other than those in the plea agreement in an effort to induce him to plead guilty; and (4) he was pleading guilty of his own free will. Thus, based on Lane's statements at the Rule 11 hearing, we agree with counsel that Lane's guilty plea was knowing and voluntary and that it would be frivolous to argue that the district court abused its discretion by denying Lane's motion to withdraw it.

Counsel lastly considers whether Lane may contest the district court's refusal to reduce his offense level for acceptance of responsibility. But when Lane sought to withdraw his guilty plea, he denied responsibility of his offense and boldly asserted that he "should be held responsible for nothing." We agree with counsel that an argument based on

acceptance of responsibility would be frivolous because Lane not only falsely denied relevant conduct, see United States v. Wallace, 280 F.3d 781, 785-86 (7th Cir. 2002), but completely denied any responsibility.

Lane's Rule 51(b) response to counsel's Anders brief proposes several additional issues for appeal. First, Lane asserts that he could challenge his indictment under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because it did not identify a specific drug quantity. That argument, however, would be frivolous because Lane's 135-month prison sentence is well within the 20-year, default statutory-maximum for cocaine offenses. See 21 U.S.C. sec. 841(b)(1)(C); United States v. Kibler, 279 F.3d 511, 517 (7th Cir. 2002). Lane also argues that he could challenge the sufficiency of his indictment because it merely recites 18 U.S.C. sec. 2, but "never mentions anything about aiding and abetting." But aiding and abetting is merely a theory of liability, not a substantive offense, and need not be charged in the indictment. United States v. Ruiz, 932 F.2d 1174, 1180 (7th Cir. 1991). Next, Lane argues that he could challenge the government's relevant conduct calculation, but that argument would be frivolous because Lane waived the issue for appeal by withdrawing his objection to relevant conduct at sentencing. See United States v. Scanga, 225 F.3d 780, 783 (2000), cert. denied, 531 U.S. 1097 (2001). Lastly, Lane contends that he could assert ineffective assistance of both his trial and appellate counsel for "not pointing out the[ ] shortcomings in the Government's case," but ineffective-assistance claims are rarely appropriate on direct appeal because the record is typically insufficient for a complete review. United States v. Hamzat, 217 F.3d 494, 501 (7th Cir. 2000). Accordingly, we grant counsel's motion to withdraw and dismiss Lane's appeal.

III.  Conclusion

For the foregoing reasons, we VACATE Schuh's sentence and REMAND for resentencing without an adjustment for being an organizer or leader. Also, we GRANT both motions to withdraw and DISMISS the appeals of Nolen and Lane.

FOOTNOTE

/* Case Nos. 00-3795 and 00-3822, United States of
America v. Lisa Nolen and United States of
America v. Curtis Lane respectively, were
submitted on the briefs without oral argument.
See Fed. R. App. P. 34; Cir. R. 34.