**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Olusegun AJAYI, Defendant–Appellant.**

No. 02–3352.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 18, 2003.

Decided Feb. 18, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Olusegun Ajayi pleaded guilty to one count of conspiracy to possess with intent to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 97 months' imprisonment. Ajayi appealed, but his counsel cannot discern a nonfrivolous issue and now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ajayi was notified of his counsel's motion, *see* Cir. R. 51(b), but instead of responding filed a motion to

appoint different counsel. Therefore, we limit our review to the potential issues discussed in counsel's facially adequate *Anders* brief. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002). Because we agree that all of them are frivolous, we grant the motion to withdraw and dismiss the appeal.

Counsel first discusses whether Ajayi could argue that the district court incorrectly calculated his criminal history to be Category III under the federal sentencing guidelines. But Ajayi failed to object to the calculation in the district court; in fact, at sentencing his counsel stated that "we agree that the criminal history is III." Ajayi therefore waived any challenge to the calculation, *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000), and we agree with counsel that an appeal based on this issue would be frivolous.

Counsel next examines a potential challenge to the district court's denial of Ajayi's request for a two-level "minor role" reduction in his offense level under U.S.S.G. § 3B1.2. The guidelines permit a minor role reduction only if the defendant's conduct was substantially less than other participants'. *United States v. Crowley*, 285 F.3d 553, 559 (7th Cir.2002). But the comparative roles of the conspirators is not determinative; a defendant who played an integral role in furthering the conspiracy is not eligible for the reduction even though other defendants may have played a bigger role. *Id.* We would review the district court's decision whether to grant a minor role reduction for clear error. *United States v. Arocho*, 305 F.3d 627, 641 (7th Cir.2002).

Ajayi admitted the following facts during his change-of-plea colloquy. He was involved with the conspiracy from the beginning when he and codefendant Oselcita Folayan agreed to sell heroin in Chica-

go. Folayan obtained the heroin and relied on Ajayi to sell it to their customers. As the conspiracy grew, Ajayi began supplying heroin to another conspirator, Miriam Knight, to sell to customers. Ajayi began by selling relatively small quantities of heroin to Knight—about ten grams every couple weeks. A few months later the amount grew to 25 grams every few weeks. In addition, Ajayi twice sold 100 grams of heroin to another customer. Ajayi participated in conference calls with the other defendants, and gave Knight at least two cellular phones, all to facilitate the conspirators' heroin sales.

The district court therefore had before it facts establishing that Ajayi was integrally involved in the conspiracy to sell heroin. At sentencing, Ajayi tried to downplay his role as just a courier who did only what he was told, but Ajayi had admitted facts establishing that he played a much greater role in the conspiracy. Therefore, we would not conclude that the district court committed clear error when it determined that Ayaji was ineligible for a minor participant reduction, and any appeal based upon that issue would be frivolous.

█ Finally, counsel discusses whether Ajayi could challenge the district court's denial of his request for a downward departure under U.S.S.G. § 5K2.0 based upon his status as a deportable alien. A judge may depart downward if the defendant's status as a deportable alien may lead to conditions of confinement substantially more onerous than contemplated by the guidelines, for instance if the defendant's status will affect his or her ability to serve part of the sentence imposed in a halfway house or minimum security prison. *United States v. Gallo–Vasquez*, 284 F.3d 780, 784 (7th Cir.2002); *United States v. Guzman*, 236 F.3d 830, 834 (7th Cir.2001). But we may review a district court's refusal to depart downward only if the district court erroneously believed that it lacked the discretion to depart. *United States v. Johnson*, 289 F.3d 1034, 1043 (7th Cir. 2002). Given that counsel explicitly told the court twice during sentencing that "you have the discretion" to grant a downward departure based upon deportable alien status, and that nothing else in the record suggests that the court believed that it lacked the discretion to depart downward, any appeal of this issue would also be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. Because all of Ajayi's potential appellate arguments would be frivolous, we DENY his motion to appoint different counsel.