NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007
Decided July 26, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-1375

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> JOSE ANDRADE-MORENO, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Illinois <br><br> No. 3:04CR30071-006-GPM <br><br> G. Patrick Murphy, <br> *Chief Judge.* |

**O R D E R**

Jose Andrade-Moreno pleaded guilty to conspiring to distribute marijuana. *See* 21 U.S.C. § 841(a)(1). The drug amount exceeded 1000 kilograms and Andrade-Moreno already had a prior conviction for a felony drug offense, so the district court sentenced him to the statutory minimum of 120 months. *See* 21 U.S.C. § 841(b)(1)(B). Andrade-Moreno appeals, but his attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous ground for appeal. We invited Andrade-Moreno to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Our review is limited to the points

discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

In his supporting brief, counsel considers only whether Andrade-Moreno might argue under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), that the district court was not authorized to impose the statutory minimum without first requiring the government to prove his prior conviction beyond a reasonable doubt. But it is well-established that a district court may make factual findings at sentencing concerning a defendant's criminal history that subject him to an increased penalty, and those facts need not be admitted or proved to a jury beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Williams*, 410 F.3d 397, 401-02 (7th Cir. 2005). *Apprendi* and *Blakely* left the holding in *Almendarez-Torres* undisturbed and, in any event, neither case is implicated when, as here, the sentence imposed does not exceed the statutory maximum. *See Harris v. United States*, 536 U.S. 545, 566-67 (2002); *Williams*, 410 F.3d at 402. We thus agree with counsel that it would be frivolous to argue that the district court improperly sentenced Andrade-Moreno to the statutory minimum term of imprisonment.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.