NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted August 29, 2007
Decided August 30, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-3353

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>ELI SANTIAGO,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 02 CR 384-2<br><br>Robert W. Gettleman,<br>*Judge.* |

## O R D E R

Eli Santiago was convicted in 2003 of cocaine and gun offenses. *See* 21 U.S.C. §§ 841(a)(1), 846, 860(a); 18 U.S.C. §§ 922(g)(1), 924(c)(1). The district court initially imposed concurrent prison terms of 110 months on all but one conviction for possessing a gun during a drug trafficking crime, and the mandatory consecutive term of 60 months for that conviction. We affirmed Santiago's convictions on direct appeal, *United States v. Santiago*, 428 F.3d 699, 705-06 (7th Cir. 2005), but after a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005) (applying *United States v. Booker*, 543 U.S. 220 (2005)), we ordered resentencing, *United States v. Santiago*, No. 04-2489, 2006 U.S. App. LEXIS 9221, *1-2 (7th Cir. Apr. 12, 2006). On remand the district court reduced the 110-month terms to 100 months, 10 months under the low end of the guidelines

range. Santiago again appeals, but his appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Santiago to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the potential issues identified in counsel's facially adequate brief and in Santiago's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

First, Santiago proposes to argue that the district court miscalculated his criminal history score. But the district court employed the same guidelines calculations on remand that it used at the initial sentencing. Santiago raised no issue about these calculations during his first appeal, so any objection he might have is beyond the scope of our earlier remand and thus waived. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002). The same answer applies to the suggestion of counsel and Santiago that an argument might be made that the district court erred in ordering Santiago to submit to drug tests as a condition of his supervised release without specifying the maximum number of tests. That same condition was imposed in the original sentence but wasn't challenged during Santiago's initial appeal; thus, any argument about it is waived.

Counsel and Santiago also consider arguing that the district court should have further reduced Santiago's 100-month terms in response to a letter the court received from Santiago a week after his resentencing. In this letter Santiago urged the court to reconsider its decision to shave 10 months off the guidelines range; other defendants, he said, had received great reductions following *Paladino* remands. Santiago also asked the court to take into account the negative effect his incarceration was having on his son. We agree with counsel that this potential argument would be frivolous. A sentencing court has no jurisdiction to reconsider a final sentence except as authorized by Federal Rule of Criminal Procedure 35, which had no application to this case. *See Salinas*, 365 F.3d at 586.

Counsel and Santiago finally consider whether Santiago could challenge the reasonableness of his new, lower prison sentences. We agree with counsel that such a challenge would be frivolous. We have noted that it's "hard to conceive of below-range sentences that would be unreasonably high," *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and Santiago's 100-month terms would not be among the rare exceptions. The district court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), *see United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006), including Santiago's exemplary conduct in prison, the limited need to protect the public from him or deter his future criminal behavior, the emotional toll his incarceration has visited upon his son, and Santiago's decision to keep his loaded gun in the same home where his children resided. Counsel is

unable to articulate any basis for arguing that the overall sentence is unreasonable, and we agree that any such argument would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.