> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2009
Decided February 11, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1343

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:06-CR-10029-001 |
| LARRY J. CAFFIE, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Larry Caffie was convicted after a bench trial of three counts of distribution of cocaine base, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). The district court sentenced Caffie to life imprisonment on the possession-with-intent-to-deliver count, and 168 months' imprisonment on the distribution counts, to be served concurrently. Caffie timely appeals his convictions, but his appointed counsel moves to withdraw because she cannot discern any nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Caffie has declined our invitation to respond to counsel's submission, *see* CIR. R. 51(b), so we limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In March 2006, Caffie sold crack cocaine to a paid informant three separate times. On each occasion, the informant called Caffie to arrange a meeting, met Caffie in a maroon Buick driven by Caffie, climbed into the car to carry out the transaction, and then afterwards delivered the purchased drugs to a nearby police officer who had observed the sale. Police applied for a search warrant for Caffie's home, supported by documentation proving Caffie lived at that address and that the maroon Buick was registered to that address, as well as Detective Michael Gray's affidavit describing the three controlled drug buys and the police monitoring of the sales. Gray's affidavit also stated that, based on his training and experience, he knew that drugs "typically are hidden throughout so-called 'drug houses.'" Caffie was arrested, and police later recovered drugs and other paraphernalia in a search of Caffie's home.

Counsel first considers whether Caffie might argue that the district court erred in denying his motion to suppress without an evidentiary hearing. Before trial, he moved to suppress the drugs recovered from his home on the grounds that Gray's affidavit was insufficient—namely because it suggested a connection between his residence and drug activity that was factually unsupported, and it did not disclose the informant's five felony convictions. Under *Franks v. Delaware*, a defendant is entitled to an evidentiary hearing if he can make a substantial preliminary showing that the affidavit supporting the warrant application was intentionally or recklessly false, and the false statement or omission "is necessary to the finding of probable cause." 438 U.S. 154, 155-56 (1978); *United States v. Hoffman*, 519 F.3d 672, 675 (7th Cir. 2008). We review the denial of a *Franks* hearing for clear error. *Hoffman*, 519 F.3d at 675.

We agree with counsel that any attempt at challenging the district court's denial of a *Franks* hearing would be frivolous. Despite the attacks Caffie makes to the affidavit, he presents nothing that would provide insight into Gray's state of mind to show that his statements were made with deliberate or reckless disregard for the truth. *See Franks*, 438 U.S. at 155-56; *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003). Nor did the finding of probable cause depend on the challenged statement in Gray's affidavit or the omission of the informant's criminal record. Police surveillance detailed elsewhere in the affidavit showed that a person matching Caffie's description left Caffie's residence in a car registered to the address of that residence minutes before making the controlled drug buys. Furthermore, participation in drug trafficking activities may provide probable cause to search a participant's house because "'evidence is likely to be found where [drug] dealers live.'" *Hoffman*, 519 F.3d at 676 (quoting *United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir. 1991)). And as for the affidavit's lack of detail about the informant's criminal record, we note that his credibility is not a critical issue, because he performed the controlled drug buys under the eye of police surveillance.

Even if the search warrant were not supported by probable cause, we would still agree that the evidence need not be suppressed because the officers acted in good faith when executing the warrant. *See United States v. Leon*, 468 U.S. 897, 920 (1984); *United States v. Prideaux-Wentz*, 543 F.3d 954, 959 (7th Cir. 2008). An officer's decision to obtain a warrant is prima facie evidence of acting in good faith. A defendant may rebut this evidence if the issuing judge "wholly abandoned his judicial role" or if the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *Prideaux-Wentz*, 543 F.3d at 959 (quoting *Leon*, 468 U.S. at 914, 923), but neither is the case here. There is no suggestion that the judge abandoned his judicial role. And the affidavit supporting the warrant was facially sufficient—the affidavit specified the place to be searched and things to be seized, detailed the controlled drug buys, confirmed that the address to be searched was Caffie's residence, and expressed Detective Gray's opinion that based on his training and experience drugs were sometimes stored in the dealer's home.

Counsel next considers whether Caffie could assert a due process violation based on the destruction of the physical drug evidence. The government notified the court before trial that the state's attorney's office had authorized the destruction of the drug evidence because it did not have charges pending against Caffie and was unaware of any outstanding federal charges against him. In order to assert a due process violation based on failure to preserve evidence, Caffie must show that the government acted in bad faith. *See Hubanks v. Frank*, 392 F.3d 926, 931 (7th Cir. 2004). Caffie has made no attempt to make this showing. And even if the evidence had been destroyed negligently, mere negligence is insufficient to show bad faith. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

Counsel next considers whether Caffie could argue that the evidence was insufficient to prove that the substance he was charged with distributing was crack, as opposed to another form of cocaine. Because the government sought to increase Caffie's maximum sentence under 21 U.S.C. § 841(b)(1) based on the drug type, the government had to prove beyond a reasonable doubt that the drug in question was crack cocaine. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Thompson*, 523 F.3d 806, 813 (7th Cir.), *cert. denied*, 129 S. Ct. 770 (2008). Here the government proved that the substance was crack cocaine by offering testimony from experts familiar with the drug, such as veteran officers and forensic scientists. *See United States v. Romero*, 469 F.3d 1139, 1153 (7th Cir. 2006). Detective Brice Stanfield testified that in a field test the large, off-white, rock-like substance tested positive for cocaine, and he believed it was crack. Denise Hanley, a forensic scientist specializing in drug chemistry, testified that because the substance tested positive for cocaine base, and appeared as off-white chunks, she concluded it was crack.

Finally counsel considers whether Caffie could challenge the reasonableness of his sentence. But because Caffie's conviction on count four was his third felony drug conviction, 21 U.S.C. § 841(b)(1)(A) mandates life imprisonment. *See, e.g., United States v. Seymour*, 519 F.3d 700, 709 n.1 (7th Cir.), *cert. denied*, 129 S. Ct. 527 (2008).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.