NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2009
Decided July 22, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2966

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-CR-162 |
| TYRAY ROBERSON, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Tyray Roberson pleaded guilty to distributing cocaine, 21 U.S.C. § 841(a), and was initially sentenced to 194 months' imprisonment. In a previous appeal, Roberson argued that his sentence was unreasonable in light of the disparity between sentences for selling crack and powder cocaine. We upheld the sentence, but the Supreme Court granted Roberson's petition for certiorari, vacated our judgment, and remanded for further consideration in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). *See Roberson v. United States*, 128 S. Ct. 1061 (2008). We then vacated the sentence and ordered resentencing. *See United States v. Roberson*, No. 05-1958 (7th Cir. Apr. 8, 2008). On remand the district court imposed a term of 156 months' imprisonment. Roberson filed a notice of

appeal, but his appointed lawyers now seek to withdraw because they cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Roberson has not responded to our invitation to comment on counsel's motion, *see* CIR. R. 51(b), and accordingly we confine our review to the issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first consider whether Roberson could argue that the district court erred in limiting the scope of the resentencing to issues related to *Kimbrough*. At resentencing Roberson argued that his base offense level overstates the amount of crack he was responsible for, and therefore the court should reconsider its drug-quantity finding before deciding on his new sentence. But as counsel recognize, the district court correctly refused to reassess the drug quantity because that step would have exceeded the scope of our *Kimbrough* remand. That is because Roberson did not challenge the amount of crack in his original appeal and therefore waived the argument. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002). The potential argument is frivolous.

Counsel consider one other potential argument: whether Roberson could challenge the reasonableness of his new sentence. At resentencing the district court applied the 2007 guidelines in effect at the time; the 2007 version included an amendment lowering the base offense level for many drug crimes involving crack. The court began with a base offense level of 36, *see* U.S.S.G. § 2D1.1(c)(2), and subtracted three levels for acceptance of responsibility, *see id.* at § 3E1.1. The total offense level of 33, combined with a criminal history category of II, yielded a guidelines imprisonment range of 151 to 188 months. The court then turned to the factors set forth under 18 U.S.C. § 3553(a). The court considered the crack-cocaine sentencing disparity as well as Roberson's efforts to rehabilitate himself in prison, including maintaining a job and enrolling in college courses, and arrived at a sentence of 156 months' imprisonment. The court explained that a below-guidelines sentence was not warranted here because of the large amount of crack involved and the need for deterrence. We presume that a sentence within a properly calculated guidelines range is reasonable so long as the district court meaningfully considered the § 3553(a) factors. *See Rita v. United States*, 127 S. Ct. 2456, 2462-64 (2007); *United States v. Williams*, 553 F.3d 1073, 1083 (7th Cir. 2009). And that is the situation here. We agree that a reasonableness challenge to Roberson's new sentence would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.