NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009
Decided December 22, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3390

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 08-20013 |
| DWAYNE T. ALLEN, *Defendant-Appellant.* | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

A jury found Dwayne Allen guilty of possessing a firearm as a felon, 18 U.S.C. § 922(g), and he was sentenced to the statutory maximum of 120 months in prison. *See* 18 U.S.C. § 924(a)(2). Allen appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Allen declined our invitation to comment on his counsel's submission. *See* CIR. R. 51(b). We confine our review to the four potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 974 (7th Cir. 2002).

The following events were testified to at trial. Police responded to 911 reports of gun shots fired at a local residence, and intercepted Allen and his friend Jammy Brown in a

nearby alley as they fled the scene. The police took Allen and Brown back to the house, where witnesses said that a group of friends had been drinking and playing cards when a fight broke out between Allen and Larry Smith. The fight escalated when Allen knocked Smith into the bathtub, took out a gun, and fired two shots into the bathroom ceiling, before others could restrain him and take away his weapon. The police arrested Allen and later recovered a Charter Arms .38 caliber revolver on a gravel pile in a lot adjacent to the alley where Allen and Brown were picked up.

Shortly after his arrest, two detectives conducted a videotaped interview with Allen, during which he denied ever seeing the gun or hearing the gunshots, and he accused the other witnesses of lying. The detectives stopped their questioning at Allen's request after approximately an hour. But before they returned him to jail, officers told him that a gunshot residue test would be administered to his hands. Allen strenuously objected. The video, which was later played at trial, showed Allen – upon learning of the test – wringing his hands, rubbing them on his pants, and hiding them under his shirt. He physically resisted the officers' attempts to swab his hands and insisted he had the right to have an attorney present.

Allen's trial focused on whether he possessed a gun (he had already stipulated that he had a prior felony conviction and that the gun had traveled in interstate commerce). The government relied on the testimony of five eyewitnesses to prove possession because they had no physical evidence tying Allen to the gun (no usable fingerprints were recovered and the gunshot residue test came up negative). Allen did not testify or present any evidence of his own, relying instead on cross-examination to discredit witnesses and emphasize the circumstantial nature of the government's evidence. After a two-day trial, the jury convicted him.

Counsel first considers whether Allen could argue that 18 U.S.C. § 922(g)(1) exceeds the scope of Congress's power under the Commerce Clause, or, alternately, that his conviction is invalid because the firearm did not affect interstate commerce. Both arguments, however, would be frivolous. Section 922(g)(1) is a valid exercise of Congress' power. *See United States v. Williams*, 410 F.3d 397, 400 (7th Cir. 2005). Moreover, "movement in interstate commerce is all the Supreme Court requires under the statute," *see, e.g., United States v. Blanchard*, 542 F.3d 1133, 1154 (7th Cir. 2008), and Allen stipulated at trial that the gun traveled in interstate commerce.

Counsel next considers whether Allen could advance Fourth, Fifth, or Sixth Amendment challenges to the admission of evidence relating to the gunshot residue test that was administered over Allen's objection and without an attorney present. Because

Allen did not object to this evidence at trial, we would review these arguments for plain error only. *United States v. Rollins*, 544 F.3d 820, 834 (7th Cir. 2008).

As counsel notes, any Fourth Amendment challenge to the gunpowder residue test would be frivolous. Incident to a lawful arrest, "it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Chimel v. California*, 395 U.S. 752, 763 (1969); *Schmerber v. California*, 384 U.S. 757, 770-71 (1966) (no constitutional violation for a police officer to obtain, without a warrant or consent, a blood sample to test defendant's blood-alcohol level because "the percentage of alcohol in the blood begins to diminish shortly after drinking stops"); *see also United States v. Bridges*, 499 F.2d 179, 184 (7th Cir. 1974) (swab test to detect presence of dynamite particles on defendant's hands did not violate Fourth Amendment because evidence was time-sensitive and hand swabbing did not intrude upon integrity of defendant's body). In this case, the delicate nature of the gunshot residue required law enforcement to administer the test quickly before the evidence could be wiped off or destroyed. *See United States v. Johnson*, 445 F.3d 793, 795-96 (5th Cir. 2006) (no Fourth Amendment violation where police performed gunshot residue test on hands of defendant, who had been arrested on weapons charge, because residue was relevant evidence that either defendant or time could have destroyed).

Furthermore, Allen would not prevail on any Fifth or Sixth Amendment arguments. Physical evidence like fingerprinting, gunshot residue, and blood samples, is not testimonial and thus does not implicate Fifth Amendment concerns regarding a defendant's right against self-incrimination. *Schmerber*, 384 U.S. at 764-65; *United States v. Hook*, 471 F.3d 766, 773 (7th Cir. 2006); *Bridges*, 499 F.2d at 184. Moreover, Allen was not indicted on the § 922(g)(1) charge until almost two months after the police had administered the gunshot residue test, and thus his Sixth Amendment right to counsel had not yet attached. *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991); *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir. 2007).

Counsel also considers whether Allen could argue that there was insufficient evidence to support a finding of guilt. In reviewing a case for sufficiency of the evidence, we would view the evidence in the light most favorable to the government and uphold a conviction unless there is no evidence in the record from which a jury could have found the defendant guilty. *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). Allen would face a "nearly insurmountable" hurdle in showing that the evidence was insufficient to support a conviction, and we would not second-guess the jury's decisions regarding the weight of the evidence or the credibility of the witnesses. *Rollins*, 544 F.2d at 835.

For a conviction under § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) the defendant had a previous felony conviction, (2) the defendant possessed a firearm, and (3) the firearm traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); *Morris*, 349 F.3d at 1013. Because Allen stipulated to the first and third elements, the government had to prove only that Allen possessed the recovered gun. Proof that Allen merely held the weapon is enough to establish possession. *See United States v. Matthews*, 520 F.3d 806, 811 (7th Cir. 2008).

We agree with counsel that the evidence was more than sufficient for a reasonable jury to find Allen guilty beyond a reasonable doubt. The five eyewitnesses all identified Allen as the shooter and all gave similar accounts of the fight. Even though defense counsel elicited testimony that several witnesses had been drinking that night and their stories were somewhat inconsistent, the jury was entitled to credit their testimony over any lack of physical evidence. *See United States v. Hampton*, 585 F.3d 1033, 1041-42 (7th Cir. 2009) (jury entitled to credit eyewitnesses' testimony that defendant possessed gun even though inconsistencies in their descriptions emerged on cross-examination).

Finally, counsel considers whether Allen could challenge the reasonableness of the district court's decision to sentence him to the statutory maximum of 120 months in prison. We agree that any such challenge would be frivolous. The district court correctly calculated Allen's final offense level to be 28 and his criminal history category to be V, resulting in a recommended guidelines range of 130 to 162 months in prison. Because the statutory maximum of 120 months was less than the guidelines range, 120 months became the guideline sentence. *See* U.S.S.G. § 5G1.1(a). We would presume that a sentence falling within the properly calculated guidelines range is reasonable. *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008). There is no evidence that the district court erred in its calculations or that it failed to consider all of the factors under 18 U.S.C. § 3553(a) in concluding that a lower sentence was not warranted. *See United States v. Harris*, 490 F.3d 589, 597 (7th Cir. 2007). The transcript from Allen's sentencing hearing shows that the court considered the seriousness of the crime, the escalating nature of Allen's long criminal history, and the purposes of sentencing, before arriving at a 120-month sentence.

We therefore GRANT the motion to withdraw and DISMISS Allen's appeal.