NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010
Decided April 30, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3325

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:09-CR-00077-RLM-1 |
| FRANCISCO PEREZ-SOLIS, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge.* |

**O R D E R**

Francisco Perez-Solis pleaded guilty to using a telephone to facilitate a drug offense, 21 U.S.C. § 843(b), after he served as a Spanish-English translator during two calls between his roommate and a prospective buyer in which they arranged for the sale of eight kilograms of cocaine. The district court sentenced him to the statutory maximum of 48 months' imprisonment. *Id.* § 843(d)(1). He appeals, but counsel moves to withdraw because he cannot identify any nonfrivolous arguments to pursue. See *Anders v. California*, 386 U.S. 738 (1967). Perez-Solis did not respond to counsel's submission. See CIR. R. 51(b). Considering only the issue presented in counsel's facially adequate brief, see *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant the motion to withdraw and dismiss the appeal.

The sole issue identified by counsel is whether Perez-Solis could challenge the reasonableness of his prison sentence, and we agree that any such challenge would be frivolous. The district court properly determined that Perez-Solis's guidelines range of 97 to 121 months' imprisonment exceeded the 48-month statutory maximum, and therefore that maximum became the guidelines sentence, see 5 U.S.S.G. § 5G1.1(a). Because Perez-Solis's sentence was within the properly calculated guidelines range, we would presume it to be reasonable. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Sawyer*, 558 F.3d 705, 714-15 (7th Cir. 2009). Furthermore, the district court properly applied the factors enumerated in 18 U.S.C. § 3553(a). The court acknowledged Perez-Solis's role as a translator, but highlighted the circumstances of the offense, which included a substantial quantity of drugs and Perez-Solis's instrumental participation in the sales. The court also considered Perez-Solis's personal characteristics, noting his prior marijuana use and substantial alcohol consumption while on supervised release, as well as his unlawful presence in the United States.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.