NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010
Decided December 23, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1177

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> DEMOND HARDIMON, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:07 cr 47-017 <br><br> Philip P. Simon, <br> *Chief Judge.* |

**O R D E R**

A jury convicted Demond Hardimon of conspiring to distribute more than one kilogram of heroin, *see* 21 U.S.C. §§ 841(a)(1), 846. The district court initially found that Hardimon had a prior state felony drug conviction and sentenced him to the 20-year mandatory minimum, *see* § 841(b). We upheld Hardimon's conviction, but vacated his sentence and remanded so that the district court could determine whether Hardimon qualified for the 20-year mandatory minimum in light of ambiguity over his continued participation in the conspiracy after his state drug conviction. *See United States v. Hardimon*, No. 08-2962, 329 F. App'x 660, 666 (7th Cir. May 14, 2009). On remand the government conceded that it could not prove Hardimon's continued participation, and the judge resentenced Hardimon to 135 months' imprisonment. Hardimon appeals once again, but

counsel contends that this appeal is frivolous, and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Hardimon opposes counsel's motion.  *See* Cɪʀ. R. 51(b).  We confine our review to the potential issues identified in counsel's facially adequate brief and Hardimon's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).  We agree with counsel that the potential issues are frivolous, grant his motion to withdraw, and dismiss the appeal.

Counsel considers challenging Hardimon's sentence as unreasonable, but properly concludes that any such challenge would be frivolous.  We would presume a sentence within a properly calculated guidelines range to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and here the district court correctly assessed Hardimon's total offense level at 32 and his criminal history category at I, yielding a guidelines range of 121 to 151 months.  Further, the court adequately justified the sentence, citing (among other factors) the "massive" scale of the offense, Hardimon's history of similar crimes, and the need for a just punishment.  *See* 18 U.S.C. § 3553(a); *United States v. Moreno-Padilla*, 602 F.3d 802, 811-12 (7th Cir. 2010).

For his part, Hardimon asserts that the district court erroneously calculated his base offense level by including as "relevant conduct" heroin he sold after his state drug conviction, despite the government's concession that it could not establish his continued participation in the conspiracy after that date.  The judge held Hardimon responsible for 1,380 grams of heroin.  Relevant conduct may be used to increase a sentence for a drug trafficking crime if it is "part of the same course of conduct or common scheme or plan as the offense of conviction."  *See* U.S.S.G. §§ 1B1.3(a)(2), cmt. n.3, cmt. n.9; 2D1.1 cmt. n.12; *United States v. Araujo*, 622 F.3d 854, 859-60 (7th Cir. 2010); *United States v. Perez*, 581 F.3d 539, 545-46 (7th Cir. 2009).  It would be frivolous, however, to contest the district court's relevant-conduct determination.  The court found at sentencing that Hardimon continued to sell the same drug (heroin) to the same individual (Foster) at regular intervals for at least five months after his state conviction, and thus the judge could conclude that this behavior was part of the same "course of conduct" as Hardimon's offense of conviction.  *See* § 1B1.3 cmt. n.9(B); *United States v. Fouse*, 578 F.3d 643, 653 (7th Cir. 2009).

Accordingly, Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.