NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011
Decided September 28, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3149

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:10CR40004-002-GPM |
| JOSEPH D. DOWNS, *Defendant-Appellant.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

Shortly after his release from Illinois state prison, Joseph Downs and several others began producing methamphetamine. A confidential source informed law enforcement officials that Downs was seeking anhydrous ammonia to manufacture methamphetamine, and agreed to assist authorities by meeting Downs to sell the ammonia while officials conducted surveillance. Once Downs and his accomplices left their vehicle and approached the confidential source, officials approached the vehicle to apprehend Downs and his accomplices. In the process of searching Downs, the officers found ground-up pseudoephedrine in Downs's possession and on this basis arrested him. Downs pleaded guilty to manufacturing and distributing methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (c)(1), 843 (a)(6), 846, and was sentenced to 262 months' imprisonment, at the bottom of the applicable guidelines range.

Downs filed a notice of appeal, but his newly appointed appellate counsel has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Downs has not accepted our invitation to comment on counsel's facially adequate submission, *see* CIR. R. 51(b), and so we limit our review to the only issue that counsel discusses. S*ee United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel considers arguing whether Downs could challenge the reasonableness of his overall prison term, but rightly concludes that this would be frivolous. We would presume reasonable any sentence within a properly calculated guidelines range, s*ee Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and here Downs was sentenced at the bottom of his 262-327-month range. Further, the court considered the factors in 18 U.S.C. § 3553(a), describing among other things the goal of uniformity in sentencing. Counsel has not identified any factor that would overcome the presumption of reasonableness, nor have we.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.