**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010
Decided April 1, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2718

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| v. | |
| | No. 08 CR 671-1 |
| JOAQUIN URCINO, | |
| *Defendant-Appellant*. | Ruben Castillo, |
| | *Judge*. |

**O R D E R**

After a three-day trial, a jury found Joaquin Urcino guilty of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and the district court sentenced him below the guidelines range to 96 months in prison. Urcino filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot identify any nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Because Urcino has not submitted a response to counsel's motion, *see* CIR. R. 51(b), we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The charge arose out of a turf-war altercation that broke out in Chicago between Urcino, a gangmember, and members of a rival gang. Urcino, who had been traveling with his girlfriend along territorial borders, was accosted by the gang members. He pulled a gun out of a bag his girlfriend was carrying for him and pointed it at them. As the police arrived, Urcino put the gun back into his girlfriend's bag and then went in a separate direction. One officer eventually apprehended Urcino, while another stopped the girlfriend, who was found with the gun inside her bag. The government called as witnesses, among others, Urcino's girlfriend, the two police officers, and two eyewitnesses. Contrary to their depiction of events, Urcino testified that he did not have a gun, but that he had brandished his silver mobile phone as if it were a gun to scare away the gang rivals.

Counsel considers whether Urcino could argue that there was insufficient evidence to support a finding of guilt. We would view the evidence in the light most favorable to the government and uphold a conviction unless there is no evidence in the record from which a jury could have found Urcino guilty. *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). For a conviction under § 922(g)(1), the government must prove (1) the defendant had a previous felony conviction, (2) the defendant possessed a firearm, and (3) the firearm traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); *Morris*, 349 F.3d at 1013. Because Urcino stipulated to the first and third elements, the government needed to prove only that Urcino possessed the recovered gun. At trial, the government established Urcino's gun possession through the testimony of one eyewitnesses, one police officer, and Urcino's girlfriend. We agree with counsel that this evidence would be more than sufficient for a reasonable jury to find Urcino guilty beyond a reasonable doubt.

Counsel also considers whether Urcino could challenge the reasonableness of the district court's decision to sentence him to 96 months—24 months below the recommended 120-month guidelines range. We agree that any such challenge would be frivolous. The district court correctly calculated Urcino's final offense level to be 26 and his criminal history category to be VI, resulting in a recommended 120-150 month range. Because the statutory maximum of 120 months equaled the bottom of the guidelines range, 120 months became the recommended sentence. *See* U.S.S.G. § 5G1.1(c). We would presume that a sentence falling within a properly calculated guidelines range is reasonable, *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008), and a below-guidelines sentence will almost never be unreasonable, *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Moreover the record shows that the court considered the factors under 18 U.S.C. § 3553(a)—including the seriousness of the offense in light of the fact that even though Urcino was in possession of a gun, there was no hard evidence he would have used it—as well as credit under 18 U.S.C. § 3585(b)(1) for time spent in state custody.

We therefore **GRANT** the motion to withdraw and **DISMISS** Urcino's appeal.