NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2009
Decided July 30, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3128

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> STEVEN J. HECKE, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. <br><br> 1:07-CR-18-TS <br><br> Theresa L. Springmann, <br> *Judge*. |

**O R D E R**

A warrant was issued to search Steven Hecke's residence, where agents found guns and drugs. The district court denied Hecke's motion to suppress the evidence and he later pleaded guilty to one count of possessing cocaine, *see* 21 U.S.C. § 841(a)(1), and one count of possessing a firearm to further a drug offense, *see* 18 U.S.C. § 924(c). In his plea agreement Hecke waived his right to appeal the convictions and sentence except for claims relating to the validity of the search warrant. He was sentenced to 60 months' imprisonment on each count to run consecutively. He filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Hecke

has filed a response opposing counsel's submission. *See* Cir. R. 51(b). We limit our review to the potential issue identified in counsel's brief and Hecke's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers only in general terms whether Hecke could make a nonfrivolous argument that the district court erred by denying his motion to suppress the guns and drugs seized during the search. Hecke develops this potential argument further, contending that the affidavit (of a federal narcotics agent) supporting the search warrant was suspect because it was based entirely on information from a confidential informant of unproven dependability (and with a felony conviction) who alleged that Hecke had sold him guns and drugs. According to Hecke, this information was too unreliable to be used to identify him. Hecke would further argue that the "controlled buys" that the agent arranged were similarly unreliable because the agent did not mention whether he searched the confidential informant for drugs before the buys occurred.

These arguments would be frivolous because the agent did not rely on the confidential informant for most of the incriminating evidence. The agent personally saw Hecke sell drugs, and he recorded and electronically monitored conversations in which Hecke sold drugs and guns from his residence. In any event, tips from a confidential informant of unproven reliability may support a finding of probable cause as long as the affiant's investigation substantially corroborates the informant's credibility. *See United States v. Olsen*, 408 F.3d 366, 370 (7th Cir. 2005); *United States v. Rosario*, 234 F.3d 347, 350-51 (7th Cir. 2000). The agent here substantially corroborated the informant's credibility by repeatedly observing drug deals being carried out by the man whom the informant identified as Hecke. And even if the agent could have gathered more information about Hecke or more explicitly described his preparation for the controlled buys, the absence of such information does not detract from the significance of the agent's opportunity to personally observe Hecke selling drugs and guns from his residence. *See United States v. Roth*, 201 F.3d 888, 892 (7th Cir. 2000); *United States v. McKinney*, 143 F.3d 325, 329 (7th Cir. 1998).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.