In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2575

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DARRYL TAYLOR,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 08 cr 39 SEB KPF—**Sarah Evans Barker**, *Judge*.

ARGUED APRIL 21, 2010—DECIDED MAY 14, 2010

Before CUDAHY, RIPPLE, and HAMILTON, *Circuit Judges.*

CUDAHY, *Circuit Judge.* In 2009, Darryl Taylor was convicted of armed robbery, attempted armed robbery and two separate counts of brandishing a short-barreled shotgun in relation to two crimes of violence. He was sentenced to 444 months' imprisonment. In the present appeal, Mr. Taylor contends that the district court committed reversible error in denying his offering of the testimony of one Dale Serie. Mr. Serie served as a pastor

on Sundays at the Volunteers of America, which is a half-way house where Mr. Taylor resided pending trial. The defendant, expressing a desire to take the stand in his own defense, wished to offer Mr. Serie's testimony as to his reputation for truthfulness. This was a curious goal, since the defendant at trial argued that he had lied in his earlier confession to the police. Presumably, then, evidence of his renown for veracity would bolster the prosecution's case. Nevertheless, Mr. Taylor represented to the court that Mr. Serie's testimony would go to his honesty in taking the stand, rather than to statements he made at the time of the offense. The district court then conditioned Mr. Serie's taking the stand on the defendant's actually testifying. Ultimately, the defendant elected not to testify and so the defense rested without the benefit of Mr. Serie's testimony. We find no error in the district court's evidentiary ruling. Since Mr. Serie's testimony was to be limited to bolstering the defendant's own testimony, the former was irrelevant in the absence of the latter. This fact was correctly noted by the district court. Even if the court had erred in so ruling, however, a veritable mountain of evidence as to the defendant's guilt rendered any such error harmless. For these reasons and the reasons that follow, we affirm the judgment of the district court.

## I. BACKGROUND

On September 30, 2007, two men, one of whom was later determined to be Darryl Taylor, entered a Speedway convenience store in Indiana, wearing dark clothing and

wielding firearms, which included a sawn-off shotgun. Although the police received a 911 call concerning the robbery, the two individuals made off with $150 and some cigarettes. Presumably not satisfied with this bountiful take, Mr. Taylor entered a Village Pantry Store the following evening, again carrying a sawn-off shotgun. A quick-thinking employee darted for the exit and ran to a nearby fire station, where he called 911.

Although Mr. Taylor had left the scene by the time the police arrived, officers pulled over a green Saturn station wagon that had run a red light. After a brief chase, the driver jumped out of the car and ran away while the vehicle was still moving. He escaped. The police discovered Mr. Taylor sitting in the front passenger seat and noticed a sawn-off shotgun protruding from the back seat. A further search revealed a variety of paraphernalia, including two dark-knit caps, sunglasses and other items of clothing consistent with what the suspects involved in the Speedway and Village Pantry Store robberies had worn. The search also uncovered a .38 handgun. At the scene of the traffic stop, the Village Pantry Store employee who had run to call the police identified Mr. Taylor as the armed robber who had attempted to hold up the store earlier that night.

In the early hours of October 2, the Indianapolis Metropolitan Police Department interviewed Mr. Taylor at the department's robbery unit. Having received a *Miranda* warning and waived his rights, Mr. Taylor confessed to being the individual who attempted to rob and robbed the Village Pantry Store and Speedway convenience store, respectively. He admitted using a sawn-off shot-

gun and said that his accomplice had used the handgun. However, he disclaimed any knowledge as to the identity of the second robber of the Speedway store or the driver of the Saturn. In addition to obtaining this confession, the police acquired surveillance footage from both stores, which suggested that Mr. Taylor was indeed the robber.

Pending trial, Mr. Taylor resided at a half-way house, the Volunteers of America. While there, the defendant attended Sunday evening religious services, which were overseen by Dale Serie in his capacity as a lay pastor.

In his opening statement at trial, the defendant argued through his attorney that the evidence would show that he was at his sister's house at the time of the Speedway robbery. He maintained that, on the day of the attempted robbery of the Village Pantry Store, he had encountered an individual whom he knew only as "Black." The evidence would further show that Black encouraged the defendant to join him on a trip to see some female friends. When they arrived at a location near the Village Pantry Store—the defendant argued— Black left and returned a short time later in an agitated state. The two men then left in the Saturn, upon which time they were pulled over by the police. The defendant further submitted that the evidence would show that he was in fear for his life.

In presenting the defense's evidence, Mr. Taylor called his two sisters, both of whom testified that the defendant had been at his sister's apartment on the evening of the Speedway robbery. The defendant then

sought to introduce the testimony of Mr. Serie as to the former's propensity for truthfulness. A hearsay objection immediately followed and Judge Barker called both counsel to the bench. The court quickly made clear its skepticism to Mr. Serie's testifying to the defendant's character, observing that the witness knew him for merely a single year and had never met him prior to the robberies with which he had been charged. The court expressed uncertainty as to the relevance of any character testimony going to Mr. Taylor's reputation for truthfulness during the last year. In response to the defendant's assertion that he was going to ask the witness "as to whether Darryl Taylor is a truthful person," the court disagreed, stating that "[y]ou can't ask that, Counsel. That is not character evidence." The following exchange then took place:

> Mr. McKinley: Your Honor, my client's character and his propensity for truthfulness is always an issue. I submit that his opinion concerning Mr. Taylor's propensity for truth and veracity is relevant and it would be . . .

> The Court: How is it relevant? You're just saying that. You have to link it for me. I don't see the relevance. That's why I have you up here.

> Mr. McKinley: Your honor, my client is—it's my understanding my client is going to take the stand. Clearly his truthfulness is a key issue.

> The Court: So is it his truthful testimony you are trying to buttress?

Mr. McKinley: Yes, Your Honor.

The Court: Not any statements he made at the time of the offense?

Mr. McKinley: Not—not with regard to statements made at the time of the offense, no, but with regard to his honesty today in taking the stand.

The Court: Is he going to take the stand?

Mr. McKinley: He told me he is going to take the stand.

The Court: Okay. I think we'll just ask this witness to stand by, he may be able to testify afterwards—

Mr. McKinley: All right.

The Court:—if the defendant takes the stand, but otherwise it's not an issue in this case if he doesn't take the stand because he didn't even know the defendant during any other time.

Defense counsel then conferred with Mr. Taylor and informed the court that his client had chosen not to testify. Lacking any more witnesses, the defense rested. The jury subsequently returned a verdict of guilty on all counts. Mr. Taylor was then sentenced to 444 months in prison. The present appeal, which focuses purely on the question whether the district court erred in conditioning Mr. Serie's testimony on the defendant's testifying, followed.

## II. DISCUSSION

A. *The District Court Did Not Err in Conditioning Mr. Serie's Testimony on the Defendant's Taking the Stand*

The appellant challenges the district court's evidentiary determination that Mr. Serie's testimony was not admissible on grounds of relevance unless Mr. Taylor testified. We note at the outset that an appellant seeking to reverse a district court's ruling on an evidentiary matter faces an uphill battle. *United States v. Lane*, 267 F.3d 715, 719 (7th Cir. 2001). We review the trial judge's evidentiary ruling for abuse of discretion and will not reverse unless the record contains no evidence on which the district court could have rationally based its decision. *United States v. Turner*, 591 F.3d 928, 935 (7th Cir. 2010). We have held that the trial court has "broad discretion to assess the relevancy of proffered evidence." *United States v. Wilburn*, 581 F.3d 618, 624 (7th Cir. 2009) (quoting *United States v. Fuesting*, 845 F.2d 664, 673 (7th Cir. 1988)).

Mr. Taylor argues on appeal that "evidence of the character and reputation of a defendant charged with a crime is always admissible on behalf of a defendant." Read literally, this statement cannot be true, since relevance under Fed. R. Evid. 402 is a necessary predicate for any given piece of evidence's admissibility. The question in the present case is whether testimony as to the defendant's reputation for truthfulness was so clearly relevant for the purposes for which it was to be presented that the district court abused its discretion in conditioning its admissibility in the manner it did.

There is no question that a defendant's reputation for honesty or integrity is often relevant evidence in a criminal case. But broad observations of this kind are ill-suited to the context-specific evidentiary determination presently before us. Mr. Serie's testimony would have established the defendant's reputation for truthfulness. To the extent this established Mr. Taylor's propensity for veracity generally, to say the very least it would fit awkwardly with the defense's argument that Mr. Taylor had in fact lied to the police on October 2, 2007 when he admitted his role in the armed robberies.

The district court pointed out that Mr. Serie had never met the defendant prior to his alleged commission of the crimes and so could not offer an opinion on his reputation for truthfulness at that time. This might be going too far, for relevance is defined by Fed. R. Evid. 401 as "evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (emphasis added). If the defendant's post-arrest conduct led a community to believe that he was an honest person, that fact surely has some tendency, however minimal, to show that he was honest before his arrest.

Nevertheless, we can readily conclude that the district court did not abuse its discretion. During the colloquy following the government's hearsay objection to Mr. Serie's testimony, defense counsel ultimately made clear to the court that the proffered testimony was to be offered with regard to the defendant's taking the stand. The limited

purpose for which the evidence was to be introduced makes some sense. As noted above, introducing it for demonstrating Mr. Taylor's reputation for truthfulness generally might bolster the government's case. But Mr. Serie's testimony could not be relevant unless the defendant in fact took the stand. If Mr. Taylor did not testify in his defense, there is no testimony for Mr. Serie to buttress through character evidence. The district court's ruling to this effect makes eminent sense. Therefore, we cannot say it erred in conditioning Mr. Serie's testimony on the defendant's taking the stand.

Finally, we must address the appellant's contention that he sought to offer the testimony of Mr. Serie to establish his "propensity for truthfulness, as well as [his] honesty, integrity, and peaceful and law-abiding nature[.]" This is inconsistent with the appellant's argument before the district court, where he did not indicate that the testimony was to be offered for purposes beyond showing a reputation for truthfulness. Instead, he impressed upon the district court that the testimony was to be offered to prove the character of the witness for truthfulness and veracity. Mr. Taylor's argument that the testimony would have gone to his peaceful and law-abiding nature is thereby forfeited. *See United States v. Davis*, 15 F.3d 1393, 1407 (7th Cir. 1994) (noting that "the specific ground for reversal of an evidentiary ruling on appeal must also be the same as that raised at trial"); *see also United States v. Clark*, 535 F.3d 571, 577 (7th Cir. 2008) (distinguishing forfeiture from waiver). We therefore engage in plain-error review only. This is a "demanding" standard. *United States v. Warren*, 593

F.3d 540, 544 (7th Cir. 2010). "Only grave and prejudicial errors justify reversal when the defendant did not alert the district judge to the problem." *United States v. Noel*, 581 F.3d 490, 505 (7th Cir. 2009) (Easterbrook, C.J., concurring). We have defined a plain error as one that results in an actual miscarriage of justice. *United States v. Wynn*, 845 F.2d 1439, 1442-43 (7th Cir. 1988). Plain error only exists if the defendant probably would have been acquitted but for the mistake. *See United States v. Lewis*, 567 F.3d 322, 327 (7th Cir. 2009).

There is no plain error in the district court's conditioning Mr. Serie's testimony on the defendant's taking the stand. As we now explain, the evidence against the defendant was overwhelming, such that Mr. Serie's testimony's being admitted almost certainly would *not* have resulted in an acquittal.

B. *Even If the District Court Did Err, Any Such Error Was Harmless*

Our preceding conclusion that the district court did not abuse its discretion in requiring that the defendant take the stand before it would allow Mr. Serie to testify is dispositive of the current appeal. Nevertheless, assuming arguendo that the district court erred in this determination, we note that any such error would have been entirely harmless. Of course, harmless error resulting from an erroneous evidentiary ruling is not a ground for reversal. *See Thomas v. Cook County Sheriff's Dept.*, 588 F.3d 445, 458 (7th Cir. 2009).

The evidence against Mr. Taylor is simply overwhelming. Eyewitness testimony established that he was the person who attempted to rob the Village Pantry Store on October 1, 2007. Surveillance footage from both that store and Speedway indicated that the defendant was indeed the armed robber. The firearms recovered from the Saturn linked Mr. Taylor to the robberies. And, of course, there is the not-insignificant matter of Mr. Taylor's videotaped confession to the crimes. This evidence is essentially conclusive and so any error underlying the district court's evidentiary ruling as to Mr. Serie's testimony was harmless.

## CONCLUSION

It is tragic that a young person like Mr. Taylor would throw a significant part of his life away by engaging in the acts he did on September 30 and October 1 of 2007. His actions on those two days have resulted in his having to serve 444 months in jail. The evidence of his guilt was overwhelming and he cannot prevail on appeal by challenging the district court's decision to condition Mr. Serie's testimony on the defendant's taking the stand himself. The trial court did not abuse its discretion in making this evidentiary determination. Even if the court had erred in this regard, though, any error would have been entirely harmless. The judgment of the district court is therefore

AFFIRMED.