NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013
Decided August 2, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3177

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 1009-1 |
| LYNN ROWE, *Defendant-Appellant*. | Robert M. Dow, Jr., *Judge*. |

**O R D E R**

Lynn Rowe was arrested after he and his codefendant bought from an undercover police officer what they thought was 10 kilograms of cocaine. A jury found Rowe guilty of attempting to possess cocaine with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 10 years' imprisonment, the statutory minimum given the intended drug quantity, *see id.* § 841(b)(1)(A)(ii). Rowe filed a notice of appeal, but his retained lawyer has moved to withdraw on the ground that the possible claims he has identified are frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's submission is complicated by the fact that, after he moved to withdraw, we suspended him from practice in this court because he failed to show cause for missing deadlines and abandoning his client. Such misconduct makes us wary of accepting counsel's assertion that every potential issue in this appeal is frivolous. Yet counsel's *Anders* submission is facially adequate, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002), and Rowe has not hired a new lawyer or sought appointment of substitute counsel even though the district court granted him permission to appeal in forma pauperis. Neither has Rowe responded to the *Anders* motion or otherwise told us that he disagrees with his lawyer's assessment of the appeal despite being notified of both his lawyer's motion to withdraw and his subsequent suspension. We thus proceed to review the potential issues counsel has identified.

Counsel first considers whether Rowe could argue that his conviction is not supported by sufficient evidence. At trial, an agent for the Drug Enforcement Administration testified that Terrence Brown had driven himself and Rowe to a meeting with an undercover officer at a prearranged location, where the two men were to exchange $285,000 for 10 kilograms of cocaine. The jury heard recorded telephone conversations in which Brown negotiated details of the transaction with an informant for two days before the meeting; the government also presented phone records establishing that, during those same two days, 16 calls were placed between phones linked to Brown and Rowe. As the two sides arrived to complete the deal, the undercover officer pulled alongside Brown's car and (while speaking to Brown through Rowe's open window) confirmed that Brown "needed 10." According to the undercover officer (and corroborated by the DEA agent and another surveillance agent) Brown then parked and waited for the officer to leave his own car and enter the back seat of Brown's car. Until then Rowe had been sitting in the front passenger seat, but he quickly exited the front and climbed into the back seat next to the undercover officer. The officer handed Rowe a bag containing 10 individually wrapped bricks of sham cocaine, and Rowe opened the bag and shuffled through the contents. Brown then handed a bag of money to Rowe, who gave it to the undercover officer before both defendants were arrested. At trial Rowe did not contest that Brown—who was tried separately—had intended to purchase cocaine for distribution, but he testified (among other things) that he had left Brown's car to urinate and had no idea that a drug deal was taking place.

We agree with counsel that a challenge to the sufficiency of the evidence would be frivolous. Prosecutors theorized that Rowe had aided and abetted Brown's attempt to possess cocaine, *see* 18 U.S.C. § 2(a), which required the government to prove that Rowe associated himself with Brown's criminal activity, participated in the drug transaction, and actively tried to make it succeed. *See United States v. Taylor*, 637 F.3d 812, 816 (7th Cir. 2011);

*United States v. Hatchett*, 245 F.3d 625, 631–32 (7th Cir. 2001). The evidence, viewed in the light most favorable to the government, *see United States v. Love*, 706 F.3d 832, 837 (7th Cir. 2013); *United States v. McIntosh*, 702 F.3d 381, 385 (7th Cir. 2012), easily permitted a rational jury to find beyond a reasonable doubt that these elements were established. The phone records allowed a reasonable inference that Rowe and Brown had been in close contact while the transaction was planned, and the eyewitness testimony established that Rowe actively assisted in the purchase by examining the sham drugs and handling money; from this evidence a jury could find that Rowe was more than "merely present" when the crime occurred. *See United States v. George*, 658 F.3d 706, 708–09 (7th Cir. 2011); *Taylor*, 637 F.3d at 816; *United States v. Coleman*, 179 F.3d 1056, 1061 (7th Cir. 1999).

Counsel also considers whether Rowe could challenge several evidentiary rulings, but properly concludes that any appellate argument would be frivolous. First, the trial court properly admitted evidence of numerous telephone contacts between Rowe and Brown during the two weeks preceding the transaction; those contacts were probative of Rowe's association with Brown's criminal activity. *See* FED. R. EVID. 401; *Hatchett*, 245 F.3d at 631. We also would conclude that the court properly exercised its discretion in admitting the recorded telephone conversations in which Brown arranged the transaction with the informant. Rowe's challenge to that evidence as too prejudicial—the only objection he raised—was frivolous, *see United States v. Gaytan*, 649 F.3d 573, 580–81 (7th Cir. 2011); *United States v. Chavis*, 429 F.3d 662, 671 (7th Cir. 2005), and the district court correctly added that the recordings were not hearsay because Brown's statements were admissible as those of a coconspirator (it does not matter that the government did not charge Brown and Rowe with conspiracy), *see* FED. R. EVID. 801(d)(2)(E), *United States v. Spagnola*, 632 F.3d 981, 984–85, 988 (7th Cir. 2011); *United States v. Rea*, 621 F.3d 595, 604 (7th Cir. 2010); *United States v. Moon*, 512 F.3d 359, 362–63 (7th Cir. 2008), and the informant's responses gave context to Brown's statements, *see United States v. Schalk*, 515 F.3d 768, 775 (7th Cir. 2008). Finally, we agree with counsel that any argument relating to a statement Brown made to police after his arrest—Brown had said he did not know the reason for Rowe's presence at the cocaine transaction or why he entered the back seat of his vehicle—would be frivolous. Though the parties disputed the admissibility of this statement before the case against Rowe and Brown was severed for trial, neither party ultimately tried to introduce any of Brown's post-arrest statements at Rowe's trial. Regardless, the statement would have been inadmissible hearsay. *See United States v. Bonty*, 383 F.3d 575, 579 (7th Cir. 2004); *United States v. Hall*, 165 F.3d 1095, 1109–10 (7th Cir. 1999); *United States v. Harwood*, 998 F.2d 91, 97–98 (2d Cir. 1993). Furthermore, even if Rowe could raise a nonfrivolous argument on one of these evidentiary grounds, we would conclude that any error by the trial court was harmless because the government's eyewitness testimony was overwhelming and by itself was sufficient to sustain the guilty verdict. *See United States v. Moore*, 641 F.3d 812, 822 (7th

Cir. 2011); *United States v. Taylor*, 604 F.3d 1011, 1016 (7th Cir. 2010); *United States v. Savage*, 505 F.3d 754, 762 (7th Cir. 2007).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.