**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 22, 2010
Decided October 25, 2010

*Before*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2344

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06 CR 20032 |
| CLINTON WILLIAMS, *Defendant-Appellant.* | Michael P. McCuskey, *Judge.* |

## O R D E R

Clinton Williams's brother organized a series of armed bank robberies that took place over a four-month period in 2006. For his involvement, a jury convicted Williams of conspiracy in violation of 18 U.S.C. § 371, two counts of bank robbery by force or violence in violation of 18 U.S.C. §§ 2113(a) and (d), and two counts of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced him to 552 months' imprisonment. Williams appealed his conviction and sentence. We affirmed his conviction, but we remanded to the district court for it to reconsider Williams's sentence in light of evidence of his mental disability and the fact that his brother was the ringleader of the robbery scheme, which might have impacted his ability to think for himself.

*United States v. Williams*, 553 F.3d 1073, 1084-85 (7th Cir. 2009). On remand, the district court sentenced Williams to 444 months' imprisonment.

Williams's counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), asserting that there is no non-frivolous basis for appeal. Williams has not responded to our invitation to comment on his counsel's motion. We therefore limit our review to the issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel's brief considers whether there are any potential challenges to the sentence Williams received. Our decision remanded Williams's case to the district court for a specific reason: to address the impact of Williams's disability on his sentence and the combination of Williams's disability with his susceptibility to manipulation by his brother. Therefore, counsel is correct to limit its consideration to potential challenges only to Williams's sentence and not to his conviction. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002) (explaining that scope of district court's power on remand is limited to the issues the appellate court remands).

Counsel is correct that there are no non-frivolous issues for appeal. On remand, defense counsel moved for a psychiatric examination, and one was performed on Williams. In light of the examination, defense counsel maintained that Williams was subject to manipulation by his brother and argued he was the least culpable of his co-defendants. The government agreed with defense counsel's requested sentence of 444 months, and the district court imposed that term. This sentence was 108 months lower than what Williams had initially received.

A statutory mandatory minimum sentence of 32 years largely drove Williams's sentence. The convictions for carrying and using a firearm during a crime of violence carried a 7-year sentence on one count to be served consecutively to a 25-year sentence on another count. *See* 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(C). A defendant may only receive a sentence below a statutory minimum if the defendant qualifies for the "safety valve" exception in 18 U.S.C. § 3553(f) or the government makes a motion for a reduction based on the defendant's substantial assistance to the investigation or prosecution pursuant to 18 U.S.C. § 3553(e). Neither exception applies here.

The 32 years imposed pursuant to statute had to be served consecutively to whatever sentence Williams received on the other counts. *See* 18 U.S.C. § 924(c)(1)(D). The advisory guideline range for the other counts in this case was 135 to 168 months' imprisonment. After considering the 18 U.S.C. § 3553(a) factors and the arguments based on Williams's mental disability and susceptibility, the district court accepted the parties' stipulation that 60 months' imprisonment was an appropriate term of imprisonment for these counts. (When he was initially sentenced, Williams had received a 168-month sentence on these counts.) Defense counsel agreed to the 60-month sentence and did not raise any challenges to it, and this sentence was both 75 months below the low end of the advisory guideline range and a full nine years lower than the term previously imposed. There is no non-frivolous challenge to this sentence on appeal. *See United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008) (stating that a

below-guidelines sentence will almost never be unreasonable); *see also United States v. Olano,* 507 U.S. 725, 733 (1993) (reviewing only for plain error contentions not raised to trial court).

We therefore **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal.