NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 22, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2726

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10-CR-30245-MJR |
| RAYMOND SMOOT, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

A jury found Raymond Smoot guilty of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to the statutory maximum 120-months imprisonment, which fell below his guidelines range. Smoot filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Smoot did not accept our invitation to address counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues that counsel identified in her facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

At trial the only issue was whether Smoot possessed the gun charged in the indictment, a black Ruger 9-millimeter pistol bearing serial number 311-85034, one night in early 2010. Smoot did not dispute that on that night he had a black gun; that he had it outside an adult establishment in Brooklyn, Illinois; and that it discharged when he went to show it to a friend, Eric Owens, hitting Owens in the leg. An officer, Jason Boyd, testified that he was driving near the scene when Owens flagged him down to say that he had been shot. Boyd exited his vehicle and chased Smoot unsuccessfully for a few blocks. Reinforcements soon arrived, and Smoot was arrested hiding on the ground near a senior citizen building. Boyd and another officer, Jason Renth, found the Ruger on the ground near that building. Smoot later admitted in a videotaped interview that he threw his gun near where he had been hiding.

Counsel first considers whether Smoot could challenge the sufficiency of the evidence supporting his conviction. Counsel summarizes Smoot's defense, which sought to cast doubt on the likelihood that the gun found near his hiding place was the same gun he possessed. First, the Ruger had not been fingerprinted. Second, Brooklyn, Illinois, is a high-crime area and thus the Ruger conceivably could have been discarded there by someone else. And third, although Officer Boyd testified at trial that he could not recall where he found the casing of the bullet that came from the Ruger—which should have ejected from the gun at the moment of the shooting—his initial reports reflected that the casing was found at the senior citizen building, not the scene of the shooting.

Counsel properly concluded that any challenge to the sufficiency of the evidence would be frivolous. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the government and will uphold the jury's verdict so long as any rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Aldridge,* 642 F.3d 537, 544 (7th Cir. 2011). Here the jury could reasonably infer that Smoot possessed the Ruger based on his admission to tossing away a gun near the senior citizen center—the very place where the officers found him hiding and where shortly afterward they found a gun.

Counsel also considers whether Smoot might challenge his sentence but properly concludes that any such challenge would be frivolous. The court adopted the probation officer's properly calculated guidelines range of 130 to 162 months, which was capped by the 120-month statutory maximum. *See* 18 U.S.C. § 924(a)(2). Counsel has not identified any reason to disturb the presumption of reasonableness applicable to a sentence below the guidelines range. *See Rita v. United States,* 551 U.S. 338, 350–51 (2007); *United States v. Martinez,* 650 F.3d 667, 671 (7th Cir. 2011). The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), noting Smoot's past convictions for

being a felon in possession of a firearm and involuntary manslaughter, *see id.* § 3553(a)(1), as well as the nature of the offense, which involved Smoot firing a gun—he says he did not do so intentionally, but he did so at least recklessly—that severely injured Owens, *see id.* The court also reasonably found that these considerations outweighed Smoot's argument in mitigation that he has steady family support and a strong work ethic. We would not conclude that the court abused its discretion in making that assessment.

Counsel also combs the record for possible trial errors, and we agree with him that the district court made no errors that would survive plain-error review.

We GRANT counsel's motion to withdraw and DISMISS the appeal.