**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted December 2, 2013
Decided December 9, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 13-2068 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | |
| *v.* | No. 10 CR 618-1 |
| JOSHUA VIDAL,<br>*Defendant-Appellant.* | **Amy J. St. Eve,** *Judge.* |

## O R D E R

This is Joshua Vidal's second appeal from the sentence he received for various drug-related offenses. After pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, attempt to possess with intent to distribute the same amount, attempting to rob a stash house, and possessing a firearm in furtherance of these crimes, Vidal received a sentence of 270 months—210 months for the drug and

robbery crimes, followed by a consecutive term of 60 months for the firearm crime. He appealed, and we found that the district court had not adequately addressed at sentencing Vidal's argument for a lesser sentence because of his mental-health problems, his principal argument in mitigation. Acknowledging that the district court had broad discretion over the ultimate sentence, and that it might even choose the same one, we remanded for further proceedings. *United States v. Vidal*, 705 F.3d 742 (7th Cir. 2013).

On remand, the district court held a resentencing hearing on April 29, 2013, at which it allowed the parties to address its concern about Vidal's extreme violence and potential danger to the community. It also considered a letter from Vidal's father, and it allowed Vidal to speak on his own behalf. It then considered the various factors listed in 18 U.S.C. § 3553(a). As this court had requested, it paid particular attention to Vidal's mental-health history. It explained the weight that it believed should be given to the expert's report and why, notwithstanding the expert's opinion, it found that Vidal's violent background and the extensive nature of his criminal history largely outweighed any mitigating effect attributable to his mental health. Nevertheless, the court chose a lower sentence for Vidal on remand: 168 months' imprisonment on Counts 1, 2, and 3, to run concurrently, and a consecutive term of 60 months on Count 4, for a total sentence of 228 months.

Vidal has appealed again from his new sentence, but counsel believes that the appeal is frivolous and has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Accepting our invitation to respond, see Cir. R. 51(b), Vidal has filed a statement opposing counsel's motion. We limit our review to the potential issues identified in counsel's facially adequate brief and Vidal's response. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Vidal proposes three issues for review: the validity of the sentencing disparity between codefendants; sentencing entrapment or manipulation; and the alleged failure of the district court to award a reduction for his diminished capacity pursuant to U.S. S.G. § 5K2.13. With the exception of the third point, however, which we will assume lies within the scope of our remand, it is too late for him to present these arguments. They were not raised in his first appeal, and they have therefore been waived. See *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002).

Counsel considers whether Vidal might challenge the accuracy of the court's calculation of his guidelines range or the reasonableness of his sentence, but she concludes that neither course holds any promise for him. We agree with that assessment. At his original sentencing hearing, Vidal specifically stated that he had no

objections to the calculations contained in his presentence investigation report, and he reiterated that point at the resentencing hearing. He has thus definitively waived that argument. As for the substantive reasonableness of the sentence, counsel points out that the guidelines range (including the consecutive sentence required for the firearms offense) was 270 to 322 months. Vidal's sentence after the remand is 228 months, significantly below that range. Vidal offers no reason to think that this sentence is unreasonable. Nor do we see any possible procedural argument that he could raise this time around. As we said, Vidal has waived any argument about the correctness of the guidelines range, and the district court's expanded explanation of its evaluation of the factors in § 3553(a) was more than adequate.

We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.