**Michael SMITH, Petitioner,**

v.

**Tarry WILLIAMS,**[1] **Respondent.**

**No. 13 C 7821**

United States District Court,
N.D. Illinois, Eastern Division.

Signed June 3, 2015

---

1. Pursuant to Federal Rule of Civil Procedure 25(d), I have substituted Tarry Williams, the current Warden of Stateville Correctional Center, as the Respondent in this case. .

Michael Smith, Menard, IL, pro se.

Jean Godfrey, Office of the Illinois Attorney General, Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

Elaine E. Bucklo, United States District Judge

Michael Smith ("Smith"), an Illinois prisoner who was convicted of first degree murder in October 2007, has filed a *pro se* habeas petition asserting five claims. Respondent argues that Smith has procedurally defaulted four of his claims and that his fifth claim, which challenges the admission of "other crimes" evidence under Illinois Rule of Evidence 404(b), is not cognizable on federal habeas review. For the reasons stated below, I agree with Respondent and deny Smith's habeas petition.

### I.

In June 2004, Christopher Ward ("Ward") and Smith were indicted for the April 24, 2004 shooting death of Corzell Mitchell ("Mitchell"). Ward pleaded guilty to attempted armed robbery and agreed to testify at Smith's trial.

Two pre-trial rulings are relevant to Smith's habeas petition. In April 2006, after a three day hearing, the trial judge denied Smith's motion to suppress a videotaped statement in which he admitted that, moments before the murder, he gave Ward a gun knowing that Ward intended to shoot Mitchell. Next, in May 2007, the trial court ruled that the State could introduce evidence of Smith's attempted armed robbery of Michael Allen ("Allen"), who lived upstairs from Mitchell, minutes before the murder. Mitchell was shot when he followed Smith and Ward into an ally after the attempted robbery. Therefore, according to the trial court, Smith's involvement in the attempted armed robbery was admissible under Illinois Rule of Evidence 404(b) because it was part of the same series of events as Mitchell's murder and constituted evidence of a common plan.

Smith's case went to trial in October 2007. The jury convicted Smith of first degree murder, after which the trial court sentenced him to forty years in prison.

### A.

The Office of the State Appellate Defender ("OSAD") was appointed to represent Smith on direct appeal. After reviewing the record, appellate counsel moved to withdraw on the ground that there was no arguable merit for an appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The *Anders* motion identified six arguments appellate counsel had considered raising and explained why each one would be frivolous: (1) that the State failed to prove Smith guilty beyond a reasonable doubt; (2) that the trial court erred in denying Smith's motion to suppress; (3) that the trial court abused its discretion in admitting "other crimes" evidence of Smith's involvement in the attempted armed robbery of Allen minutes before the murder; (4) that the trial court erred in giving Illinois Pattern Instruction 5.03 on the circumstances in which Smith could be held accountable for Ward's actions; (5) that the trial court abused its discretion in allowing the State to play

portions of Smith's videotaped statement during its rebuttal argument; and (6) that Smith's sentence was excessive. *See* Dkt. No. 16–2 at 14-24.

Upon receiving appellate counsel's motion to withdraw, the Illinois Appellate Court invited Smith to file a response. Smith asserted, in conclusory fashion, that the State failed to prove him guilty beyond a reasonable doubt; that he was denied due process of law and equal protection of the law; and that he did not receive a fair and impartial trial. *See* Dkt. No. 16–3 at 2. In terms of specifics, Smith argued that the trial court erred by (1) reconsidering its ruling on the admissibility of "other crimes" evidence; (2) restricting defense counsel's cross examination of the Assistant State's Attorney who testified about Smith's videotaped statement; (3) giving certain jury instructions over defense counsel's objections; (4) overruling defense counsel's objections to the State's closing argument; (5) denying Smith's pre-trial motion to consolidate his attempted armed robbery charge in a separate case with his first degree murder charge; (6) sending a TV and VCR to the jury room over defense counsel's objection; and (7) denying Smith's motion for a mistrial. *Id.* at 3–6.

On September 3, 2009, the Illinois Appellate Court granted appellate counsel's motion to withdraw, denied Smith's request for the appointment of new counsel, and affirmed his conviction. *See* Dkt. No. 16–1. The appellate court held that the evidence introduced at Smith's trial was constitutionally sufficient to support a first degree murder conviction and that the trial court did not abuse its discretion in sentencing Smith to forty years in prison. As for Smith's other claims, the appellate court said his arguments were "not set out with sufficient specificity to allow for consideration by this court." *Id.* at 3–7.

On November 10, 2009, Smith filed a *pro se* Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court in which he repeated the arguments raised in his response to OSAD's motion to withdraw. *See* Dkt. No. 16–4 at 3, 5-7. The Illinois Supreme Court denied Smith's PLA, *see* Dkt. No. 16–5, after which he did not petition the U.S. Supreme Court for a writ of certiorari.

### B.

On September 21, 2010, Smith filed a forty page, handwritten petition for post-conviction relief in the Circuit Court of Cook County. *See* Dkt. No. 16–6 at 17-56. Smith argued the trial court erred by (1) denying his pre-trial motion to appoint new counsel based on a breakdown in attorney-client communication; (2) denying Smith's motion to suppress his videotaped statements, a decision that allegedly showed the trial judge's bias against him; (3) admitting "other crimes" evidence in violation of Smith's due process rights; (4) allowing the State to use a PowerPoint presentation it had not disclosed to the defense and to play portions of Smith's videotaped statement in its rebuttal argument; and (5) sending a TV and VCR to the jury without waiting for them to request such equipment. Smith also claimed that appellate counsel was ineffective during his direct appeal because they failed to raise the preceding arguments, particularly his claim about the erroneous admission of "other crimes" evidence.

The circuit court dismissed Smith's post-conviction petition on December 3, 2010 on the ground that his claims were "frivolous and patently without merit." Dkt. No. 16–6 at 68. After Smith filed a *pro se* appeal, OSAD was once again appointed to represent him. Appellate counsel then moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d

539 (1987). *See* Dkt. No. 16–7. Smith filed a *pro se* response in which he argued that appellate counsel was ineffective on direct appeal because it failed to challenge the admission of "other crimes" evidence, the State's rebuttal argument, and the trial court's decision to send a TV and VCR to the jury room. *See* Dkt. No. 16–8.

Upon finding no issues of arguable merit to be asserted on appeal, the Illinois Appellate Court granted OSAD's motion to withdraw and affirmed the circuit court's denial of Smith's post-conviction petition. *See* Dkt. No. 16–9. Smith then filed a PLA with the Illinois Supreme Court in which he repeated his arguments relating to other crimes evidence, the State's rebuttal argument, and the trial judge's decision to send a TV and VCR to the jury room. *See* Dkt. No. 16–10. The Illinois Supreme Court denied Smith's second PLA on May 29, 2013, *see* Dkt. No. 16–11, after which he petitioned for federal habeas relief under 28 U.S.C. § 2254.

## II.

Smith raises five claims in his habeas petition: (1) trial counsel was ineffective for failing to file a motion to quash his arrest based on an excessively lengthy detention; (2) the trial judge showed bias against Smith when he prompted the state to seek reconsideration of his ruling on the admissibility of "other crimes" evidence; (3) the State constructively amended the indictment during trial to include a charge of accountability for first degree murder; (4) Smith's videotaped confession was not voluntary; and (5) the trial court erroneously admitted "other crimes" evidence of Smith's involvement in an attempted armed robbery.

### A.

Respondent argues that Smith has procedurally defaulted his first four claims because he did not fairly present them through one complete round of Illinois's appellate review process.

■ "[A] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). "In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir.2007). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Id.*

### 1.

■ Smith's first habeas claim is that his trial attorney was ineffective because she should have filed a motion to "quash" his arrest in May 2004 based on the excessively lengthy period of his detention. Smith's ineffective assistance of counsel argument is entirely absent from his state court filings. Smith did not say anything on direct review of his conviction or during post-conviction proceedings about his trial attorney's failure to file a motion to quash. Nor did he argue that his trial attorney should have asserted additional grounds for suppressing his post-arrest statements. Smith no longer has the right to assert his ineffective assistance of counsel claim in state court. *See* 725 ILCS § 5/122-3 ("Any claim of substantial denial of constitutional rights not raised in the original or an amended [post-conviction] petition is waived."). Therefore, Smith has procedurally defaulted his first habeas claim.

■ Smith also failed to present his second habeas claim alleging judicial bias in state court. Smith contends that the

trial judge "assume[d] the role of an advocate" when he commented that Mitchell's murder and the attempted armed robbery that occurred minutes earlier appeared to be part of the same incident, which prompted the State to seek reconsideration of his earlier evidentiary ruling. Dkt. No. 1 at 5. Smith did not assert this theory of judicial bias in state court. Instead, Smith argued in his post-conviction petition that the trial judge showed bias against him during the suppression hearing by (1) reading a transcript of Smith's post-arrest statement instead of relying exclusively on the videotape showing his demeanor and (2) disbelieving Smith's testimony about the involuntariness of his confession. *See* Dkt. No. 16–6 at 34-37. This argument—which Smith failed to raise before the Illinois Appellate Court or Illinois Supreme Court—differs markedly from his present claim that the trial judge assumed the role of an advocate in ruling on the admissibility of "other crimes" evidence. The time has passed for Smith to assert his new theory of judicial bias in state court, so he has procedurally defaulted the claim for purposes of federal habeas review.

■ Smith's third habeas claim is that the State constructively amended the indictment during trial to include a charge of first degree murder based on an accountability theory. Although Smith argued on direct appeal that the trial court erred in giving Illinois Pattern Jury Instruction 5.03 on accountability,[2] he did not frame the error as a constructive amendment of the indictment that violated his rights under the Grand Jury Clause of the Fifth Amendment. *See U.S. v. Burge*, 711 F.3d

803, 813 (7th Cir.2013) ("A constructive amendment of an indictment occurs if jury instructions support a conviction for a crime other than that charged" (internal quotation omitted)). Moreover, even if Smith had preserved his constructive amendment claim in state court, it would fail on the merits. "[A]iding and abetting is merely a theory of liability, not a substantive offense, and need not be charged in the indictment." *U.S. v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002); *see also People v. Ceja*, 204 Ill.2d 332, 273 Ill.Dec. 796, 789 N.E.2d 1228, 1247 (2003) ("[A]ccountability is not a separate offense, but merely an alternative manner of proving a defendant guilty of the substantive offense.").

■ Smith's fourth habeas claim is that he was convicted on the basis of an involuntary confession. In his post-conviction petition, Smith challenged the trial court's ruling on his motion to suppress, *see* Dkt. No. 16–6 at 34-37, but he did not fairly present this argument to the Illinois Appellate Court or the Illinois Supreme Court. Instead, Smith's response to appellate counsel's motion to withdraw under *Finley* and his subsequent PLA focused on the trial court's admission of "other crimes" evidence; the State's closing argument; and the TV and VCR sent to the jury room. Because Smith did not fairly present his claim about the voluntariness of his confession through one complete round of the Illinois courts and the time for doing so has expired, he has procedurally defaulted this claim.

**2.**

■ "A procedural default will bar a federal court from granting relief on a

---

**2.** Illinois Pattern Jury Instruction 5.03 states: "A person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of [ (an) (the) ] offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of [ (an)(the) ] offense."

habeas claim *unless* the petitioner demonstrates cause for the default and prejudice resulting therefrom, or, alternatively, he convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir.2004) (internal citations omitted).

▮▮▮▮ In his habeas petition, Smith admitted that his claims had not been fairly presented through one complete round of the Illinois court system. *See* Dkt. No. 1 at 6. When asked to explain this failure, Smith faulted appellate counsel for "not rais[ing] anything on direct appeal." *Id.* This is the extent of Smith's effort, both in his habeas petition and in his reply brief, to excuse his procedural defaults. Smith's one sentence criticism of OSAD in his habeas petition is not enough to state a "nested" *Strickland* claim that could (subject to additional requirements) excuse his procedural defaults. *See Richardson v. Lemke*, 745 F.3d 258, 272–73 (7th Cir. 2014). Where, as here, a habeas petitioner fails to present a well-developed argument about cause and prejudice, I need not address his procedurally defaulted claims. *See Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir.2008).

### B.

Respondent concedes that Smith fairly presented his final habeas claim challenging the admission of "other crimes" evidence at each level of the Illinois court system.

▮▮▮▮ "[A]n erroneous admission under state rules of evidence [such as Illinois Rule of Evidence 404(b)] is no concern of [federal habeas courts] unless it is so egregiously prejudicial as to implicate constitutional principles." *Richardson*, 745 F.3d at 275; *see also Estelle v. McGuire*, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (reserving judgment on "whether a state

law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime").

▮▮▮ Smith has not framed his Rule 404(b) argument as a violation of due process. Moreover, "only if the state court committed an error so serious as to render it likely that an innocent person was convicted can [an evidentiary] error be described as a deprivation of due process." *Perruquet*, 390 F.3d at 510. The key evidence against Smith was his videotaped statement that, moments before the murder, he gave Ward a gun knowing that he intended to shoot Mitchell. In light of Smith's confession, the admission of "other crimes" evidence of his involvement in an attempted armed robbery minutes before the murder was not so pivotal that an erroneous ruling on that issue likely resulted in the conviction of an innocent person. It follows that Smith's claim challenging the admission of "other crimes" evidence does not implicate due process concerns even if he had framed his claim in those terms.

### III.

I deny Smith's federal habeas petition for the reasons stated above. I also decline to issue a certificate of appealability because reasonable jurists would not find it debatable that Smith's first four habeas claims are procedurally defaulted and that his fifth claim is not cognizable on federal habeas review. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).